UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,
        Plaintiff,

v.

NEW ENGLAND CENTRAL RAILROAD, INC.,
        Defendant.

C.A. No.: 04-11772-JLT

**THE DEFENDANT, NEW ENGLAND CENTRAL RAILROAD, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT**

        The defendant, New England Central Railroad ("NECR"), in the above entitled action hereby answer the plaintiff's *Complaint* as follows:

## COUNT I

1. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 relating to the plaintiff's address and therefore calls upon the plaintiff to prove the same.

2. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 relating to the action arising under the Federal Employers Liability Act, the Federal Safety Appliance Act and the Federal Locomotive Inspection Act and therefore calls upon the plaintiff to prove the same.

3. Admitted.

4. Admitted.

5. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 relating to the plaintiff's injuries and therefore calls upon the plaintiff to prove the same. The remainder of the allegations contained in Paragraph 5 are denied.

6. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 relating to the plaintiff's involvement in interstate commerce and therefore calls upon the plaintiff to prove the same. The remainder of the allegations contained in Paragraph 6 are denied.

7. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 relating to the ownership and control of all of the property, equipment and operations involved in the plaintiff's alleged accident and therefore calls upon the plaintiff to prove the same. The remainder of the allegations contained in Paragraph 7 are denied.

8. Denied.

9. Denied.

10. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 relating to the plaintiff's employment by the NECR and therefore calls upon the plaintiff to prove the same. The remainder of the allegations contained in Paragraph 10 are denied.

11. Denied.

12. The defendant, NECR, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 relating to the plaintiff's alleged injuries and therefore calls upon the plaintiff to prove the same. The remainder of the allegations contained in Paragraph 12 are denied.

WHEREFORE, the defendant, NECR, says that the plaintiff's *Complaint* against it should be dismissed and that judgment enter for the defendant, NECR, together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that this Honorable Court lacks jurisdiction over it pursuant to Mass. R. Civ. P. 12(b)(2).

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that this Honorable Court lacks jurisdiction over it and/or that venue is improper, pursuant to Mass. R. Civ. P. 12(b)(3).

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficiency of process.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficient service of process.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim on upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that to the extent that it had any obligation to the plaintiff, such obligation has been fully, completely and properly performed in every respect.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes and regulations.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the acts complained of were not committed by a person for whose conduct the defendant was legally responsible.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that each cause of action is barred by laches in that the defendant has been prejudiced by the excessive delay of the plaintiff in seeking the relief requested.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff has failed to mitigate his damages, wherefore any damages awarded must be reduced by the degree of failure to mitigate.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes and regulations including, but not limited to, 45 U.S.C. § 51, *et seq*. and/or 49 U.S.C. § 10101, *et seq*.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's claims are preempted by federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that any alleged negligence that it may have committed, which the defendant specifically denies, was superseded and/or replaced by the conduct of third persons over whom the defendant exercised no responsibility or control.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that if it is found to be negligent, the plaintiff was also negligent, wherefore any damages awarded must be reduced by the degree of his comparative negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff was guilty of a violation of law or job regulation which contributed to cause the injury or damage complained of.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff was not within the scope of his employment at the time of his alleged injuries and, therefore, recovery under the Federal Employer's Liability Act is precluded.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence, made the basis of the plaintiff's claims against the defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that it used reasonable care under the circumstances.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations, including but not limited to, the Federal Employer's Liability Act, the Boiler Inspection Act, the Locomotive Act and/or the Safety Appliance Act.

TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that while denying that the plaintiff sustained the damages as alleged, any damages the plaintiff may ultimately be entitled to recover from the defendant may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event that said Act is applicable, all sections of the plaintiff's *Complaint* seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of the plaintiff's *Complaint* should be stricken.

TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant, NECR, says that the plaintiff's injuries, if any, were caused by or resulted solely from his own negligence, and, therefore, the plaintiff's claim is barred.

WHEREFORE, the defendant, NECR, says that the plaintiff's *Complaint* against it should be dismissed and that judgment enter for the defendant, NECR, together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

**JURY DEMAND**

The defendant, NECR, hereby requests a trial by jury.

Respectfully submitted,
The Defendant,
New England Central Railroad,
By its attorneys:

/s/ Bethany M. Machacek

Michael B. Flynn, BBO #559023
*mbflynn@flynnassoc.com*
Bethany M. Machacek, BBO #657237
*bmachacek@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: September 9, 2004
G:\F & A\CASE FILES\RAILAMERICA\JONES, RICKEY A\pleadings\Answer to Complaint.doc