UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,

             Plaintiff,

     v.

NEW ENGLAND CENTRAL RAILROAD, INC.,

             Defendant.

Civil Action No.: 04-11772-MAP

## NEW ENGLAND CENTRAL RAILROAD, INC., PROPOSED JURY INSTRUCTIONS
### (MASS. R. CIV. P. 51(b))

New England Central Railroad, Inc. ("NECR"), Pursuant to Fed. R. Civ. P. 51(b), moves that the jury in the above-captioned case be instructed in accordance with the attached requested jury instructions. NECR reserves its rights to file supplemental jury instruction requests, or withdraw any of the instructions requested herein, in response to evidence and/or issues which may arise during the course of trial.

Respectfully submitted,
NEW ENGLAND CENTRAL RAILROAD, INC.,
by its attorneys:

/s/ Valerie A. Murphy
Michael B. Flynn, BBO #559023
Valerie A. Murphy, BBO #661460
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated:  July 21, 2006

G:\F & A\CASE FILES\RAILAMERICA\New England Central\JONES, RICKEY A\pleadings\proposed jury instructions.doc

**TABLE OF CONTENTS**

**I.    Preliminary Instructions**                                      **Jury Inst. No.**

    Parties Should Be Treated As Equals                          1
    Sympathy, Emotion Irrelevant                                 2
    Expert Witness Testimony, Generally                          3
    The Plaintiff's Theories Of Liability                        4


**II.    Liability – The Plaintiff's FELA Negligence Claim**

    Negligence Defined                                           5
    Mere Happening Of Accident Does Not Establish Liability      6
    Burden Of Proof—FELA Negligence                              7
    Elements Of FELA Negligence Liability                        8
    FELA Negligence—Duty To Act Reasonably                       9
    FELA Negligence—Standard Of Care                             10
    FELA Negligence—Defect Must Be Due To Negligence             11
    Test Of Liability—Notice of a Defective Condition            12


**III.    Causation**

    Causation, Generally                                         13
    Causation Under The FELA                                     14
    Burden To Prove Medical Causation                            15
    Medical Expertise Required                                   16
    Causation - Probability, Not Possibility Standard            17
    Open and Obvious                                             18


**IV.    Comparative Negligence**

    Plaintiff's Duty To Use Due Care                             19
    Effect Of Plaintiff's Negligence                             20
    Violation Of A Safety Rule Or Practice—Evidence Of Negligence    21


**V.    Damages**

    No inference from instructions                               22
    Speculation impermissible                                    23
    Pre-existing medical conditions/injuries                     24
    Aggravation of injuries                                      25
    Subsequent Injuries                                          26
    Aggravation of injuries                                      27
    Apportionment of Damages                                     28
    Plaintiff is not entitled to recover medical expenses        29

1

Duty of plaintiff to mitigate damages                    30
Duty of plaintiff to mitigate damages                    31
Malingering - receipt of disability benefits             32
Damages must be reasonable                               33
Wage loss                                                34
Hedonic damages not allowed                              35
Reduction of Award to present value                      36

**VI.     Jury**

Unanimity of verdict                                     37

## DEFENDANT'S JURY REQUEST NO. 1

(Parties Should Be Treated As Equals)

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. A business or a company is entitled to the same fair trial at your hands as is a private individual. The defendant NECR should be given the same fair and equal treatment as you would give to any individual. All persons, including businesses and other corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

See London v. Bay State Street Railway, 231 Mass. 480, 485-486 (1919); 2 Devitt and Blackmar, Federal Jury Practices and Instructions, §71.05 at 587 (3d ed. 1977).

## DEFENDANT'S JURY REQUEST NO. 2

(Sympathy, Emotion Irrelevant)

Sympathy and emotion should play no part in your deliberations. You may not decide this case on the basis of the fact that you may feel sorry for the plaintiff or that you feel badly because he may have suffered an injury or illness. Rather, your deliberations should be well-reasoned, impartial, and unemotional. You must decide this case by applying the principles of law, which the Court defines for you, to the facts of this particular case, as you objectively find them to be.

See London v. Bay State Street Railway, 231 Mass. 480, 485-486 (1919); 2 Devitt and Blackmar, Federal Jury Practice and Instructions §71.02 at 586 (3d ed. 1977).

## DEFENDANT'S JURY REQUEST NO. 3

(Expert Witness Testimony, Generally)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those persons whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received into evidence in this case and give it such weight as you may think it deserves.

In determining the weight to be given to such opinion, you should consider the qualifications and credibility of the expert and the reasons given for his or her opinion. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the expert's opinion entirely.

See Commonwealth v. Smith, 357 Mass. 168, 178, 258 N.E.2d 13 (1970); Dodge v. Sawyer, 288 Mass. 402, 408, 93 N.E. 15 (1934).

## <u>DEFENDANT'S JURY REQUEST NO. 4</u>

(The Plaintiff's Theory of Liability)

The plaintiff in this case has alleged that the defendant was negligent in causing his alleged accident, pursuant to the *Federal Employers' Liability Act* ("FELA").   I will instruct you on this claim now.  Following my instructions, you will be given a *Special Verdict Form* which will contain questions which you must answer after your deliberations, pertaining this claim.

## <u>DEFENDANT'S JURY REQUEST NO. 5</u>

(Negligence Defined)

The defendant's duty under the FELA is to provide a reasonably safe workplace. The defendant cannot be held liable to the plaintiff unless the plaintiff proves that the defendant, due to its negligence, provided an unreasonably unsafe workplace. Negligence in this regard means the failure to exercise due care under the circumstances, the failure to do what a reasonable and prudent person ordinarily would have done under the circumstances or doing something that a reasonable person would not have done under the circumstances.

<u>Tiller v. Atlantic Coast Line R. Co</u>., 318 U.S. 54 (1943).

## DEFENDANT'S JURY REQUEST NO. 6

(Mere Happening of Accident Does Not Establish Liability)

The mere fact that an accident may have occurred and that certain parties are now here in

Court should create no inference, and provide no evidence, that they were caused by any

negligence or fault on the part of the defendant, NECR.

2 Devitt & Blackmar, Federal Jury Practice and Instructions, §80.07 (3rd ed. 1977); Wardwell v. George H. Taylor Co., 333 Mass. 302, 305, 130 N.E.2d 586 (1955) (mere fact that accident happened is not evidence of negligence); Borysewicz v. Dineen, 302 Mass. 461, 19 N.E.2d 540 (1939); Tallon v. Spellman, 302 Mass. 179, 19 N.E.2d 33 (1939).

## DEFENDANT'S JURY REQUEST NO. 7

(Burden of Proof—FELA Negligence)

The plaintiff must prove by a preponderance of the evidence that NECR's negligence, if any, caused the plaintiff's alleged injuries. The obligation of a railroad to its employees under the law is to exercise ordinary care, not absolute care, under all of the facts and circumstances.

See Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987); Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1947); Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525, 527 (1951); cert. denied, 342 U.S. 830 (1951); Raudenbush v. Baltimore and Ohio Railroad, 160 F.2d 363 (3rd Cir. 1947).

## <u>DEFENDANT'S  JURY REQUEST NO. 8</u>

(Elements of FELA Negligence Liability)

The law "does not impose strict liability on [a railroad like NECR].  Plaintiffs are required to prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation."

<u>Robert v. Consolidated Rail Corp.,</u> 832 F.2d 3, 6 (1st Cir. 1987).  See also <u>New York, New Haven & Hartford Railroad Co. v. Dox,</u> 249 F.2d 572, 573 (1st Cir. 1959).

10

## DEFENDANT'S JURY REQUEST NO. 9

### (FELA Negligence—Duty to Act Reasonably)

NECR should not be regarded as an insurer or guarantor of the safety of their employees, nor of the safety of the places in which they work.  Rather, NECR's duty is merely one of acting reasonably.

Wilkerson v. McCarthy, 336 U.S. 53, 61, 69 S. Ct. 413 (1949); Conway v. Consolidated Rail Corp., 720 F.2d, 221, 223 (1st Cir. 1983) (the FELA, "unlike workmen's compensation ... does not make the employer an insurer"); Kaminski v. Chicago River & Indiana R. Co.,, 200 F.2d, 3 (7th Cir. 1953) (railroad is "not an insurer of plaintiff's safety").

NECR is not required to provide a perfect or absolutely safe workplace.  Rather, NECR must only provide a reasonably safe place to work and reasonably safe equipment.

Shenker v. Baltimore & Ohio R.R. Co., 374 U.S. 1, 7, 83 S. Ct. 1667, 1671 (1963); Peyton v. St. Louis Southwestern Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992).  NECR and Conrail are not obligated to eliminate all risks in the workplace; it is only obligated to eliminate unreasonable risks." Tobin v. National Railroad Passenger Corp., 677 F.Supp. 674, 675 (D. Mass. 1988) (emphasis added).

If you find that NECR provided a reasonably safe place to work at the time the plaintiff was allegedly injured, then you must return a verdict in favor of NECR.

Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1946), Reese v. Phila. & Reading Ry., 239 U.S. 463, 465 (1915).

## DEFENDANT'S JURY REQUEST NO. 10

(FELA Negligence—Standard of Care)

The standard of care applied under the FELA is that of a person exercising ordinary care under the same or similar circumstances.  Mere proof of injury or a dangerous workplace is not proof of a railroad employer's negligence.

Tiller v. Atlantic Coastline R. Co., 318 U.S. 54 (1943); Eaton v. L.I. R.R., 398 F.2d 738, 741 (2nd Cir. 1968).

## DEFENDANT'S JURY REQUEST NO. 11

(FELA Negligence—Defect Must be Due to Negligence)

NECR may be liable for a defective condition in its equipment, such as the stirrup on the rail car on which the plaintiff allegedly slipped, only if the defective condition is due to its negligence. If there is an injury as the result of some defective condition, but if that defective condition was not due to the negligence of the defendant, then the defendant cannot be held responsible.

Seaboard Airline Ry. v. Horton, 233 U.S. 492, 501 (1914); Wilkerson v. McCarthy, 336 U.S. 53 (1949).

**DEFENDANT'S JURY REQUEST NO. 12**

(Test of Liability – Notice of a Defective Condition)

Under the FELA, defendant-railroads such as NECR "[are] not liable for failing to

provide a safe workplace if they have no reasonable way of knowing that the potential hazard

exists."

Beeber v. Norfolk Southern Corp., 754 F. Supp. 1364, 1368 (N.D. Ind. 1990); see also  Peyton v.
St. Louis Southwestern Railway Company, 962 F.2d 832 (8th Cir. 1992)(judgment
notwithstanding the verdict properly entered in FELA action where defendant-railroad "had no
reasonable way of knowing about the hazard that caused the employee's injury"); O'Hara v.
Long Island R. Co., 665 F.2d 8, 9 (2nd Cir. 1981) (plaintiff-trainman failed to prove unsafe
workplace under FELA, as matter of law, where "he furnished no evidence that the Railroad had
notice of defect in the tiles" which loosened and thereby caused plaintiff to fall); Perry v.
Morgan Guaranty Trust Co. of New York, 528 F.2d 1378, 1379 (5th Cir. 1976) (decided under
comparable Jones Act standards and reversing judgment which had been erroneously entered in
favor of plaintiff, because "there is absolutely no evidence to show how the grease [on stairs] got
there, how long it had been there, or that there had been time enough for the ship owner, in the
exercise of due care, to have learned of it and corrected the situation"); Kaminski v. Chicago
River & Indiana R. Co., 200 F.2d 1 (7th Cir. 1952)("[b]efore defendant can be charged with
negligence in failing to remedy the condition which caused plaintiff's injury, or failed to warn
plaintiff of the existence of such a condition, it is necessary to establish that the defendant had
actual knowledge of the condition, or, in the exercise of ordinary care, should have known of its
existence"); Turner v. Clinchfield Railroad Co., 489 S.W.2d 257 (Tenn. App. 1972) (presence of
ice on locomotive steps not actionable in absence of evidence where ice came from or how long
it had existed).

In a defective condition case, such as this case, an FELA plaintiff such as Mr. Jones:

must show by direct or circumstantial evidence that (1) an officer, employee or agent of
the railroad was responsible, through negligence, for the presence of the unsafe condition;
or (2) at least one of such persons had actual knowledge of its presence before the
accident; or (3) the unsafe condition had continued for a sufficient length of time to
justify the inference that failure to know about it and remove it was due to want of proper
care.

Brown v. Cedar Rapids and Iowa City Ry. Co., 650 F.2d 159, 161 (8th Cir. 1981).  See
also Miller v. Cincinnati, New Orleans & Texas Pacific Ry. Co., 203 F. Supp. 107, 111 (E.D.
Tenn. 1962) ("[L]ogic impels one to conclude that so long as liability is predicated upon
negligence, as it is under the FELA, no defendant should be held liable for defective equipment
of which he neither does nor, in the exercise of reasonable care, should have knowledge").

14

**DEFENDANT'S JURY REQUEST NO. 12** (*continued*)

Thus, in order to find the defendant NECR liable under the FELA in the circumstances involved, the plaintiff must prove that NECR was negligent either because it: (a) actually created the substance and/or condition which was present on the stirrup at the time of the plaintiff's accident; (b) had actual knowledge that the railroad yard and/or the stirrup was in a defective condition at the time of the plaintiff's accident, or (c) should have known that the stirrup was in a defective condition because, in the exercise of reasonable care, sufficient time had existed for NECR to have discovered it and to have repaired or replaced it. If you do not find one of these factors existed, then you must return a verdict for NECR.

## **DEFENDANT'S JURY REQUEST NO. 13**

(Causation, Generally)

The burden is on the plaintiff to prove by a preponderance of the evidence that the injuries from which he complains were proximately caused by his alleged August 15, 2002 incident.  The plaintiff bears the burden of proof on this issue, and he must prove causation by a fair preponderance of the evidence.  You are not permitted to speculate regarding the cause of the plaintiff's injuries.  Thus, if the plaintiff fails to prove that his injuries resulted from the defendant's negligence with respect to the alleged defective condition of the railroad yard and/or stirrup, he is not entitled to recover damages in this action.

Kuberski v. New York Cent. R. R., 359 F.2d 90 (1966); Dollens v. Public Belt R. R. Commission, 333 F. Supp. 72 (1971); Rose v. Atlantic Coast Line R. R., 277 F. Supp. 913, aff'd, 403 F.2d 204; see also Robert v. Consolidated Rail Corp., 832 F.2d at 5-6 (to be recoverable under FELA, injury must be "result of the negligence of [railroads'] employers or their fellow employees"); Chesapeake & Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916) (plaintiff must prove that employer's negligence was actual and proximate cause of his injuries); Buell v. Atchison, Topeka & Santa Fe Ry., 771 F.2d 1320, 1322 (9th Cir.), aff'd and vacated on other grounds, 480 U.S. 557 (1987).

16

## <u>DEFENDANT'S JURY REQUEST NO. 14</u>

(Causation Under the FELA)

If you find that the defendant was negligent you must next determine whether the defendant's negligence caused the plaintiff's injury, in whole or in part. You need not find that the defendant's negligence was the sole cause, but you must find that it was a proximate cause of the plaintiff's injury. In order to find that it was a proximate cause, you must find that the injury was the natural and probable consequence of the defendant's negligence and that the defendant's negligence was a substantial factor in bringing about the injury.

You may not find that the defendant's negligence was a proximate cause if it merely created an incidental condition or situation in which an accident, otherwise caused, resulted in the plaintiff's injury.

<u>Davis v. Wolfe</u>, 263 U.S. 239, 243 (1923); <u>Brady v. Southern Ry.</u>, 320 U.S. 476, 483 (1943); <u>Gallick v. Baltimore & Ohio Ry.</u>, 372 U.S. 108, 120 n. 8 (1963).

## DEFENDANT'S JURY REQUEST NO. 15

(Burden to Prove Medical Causation)

The plaintiff must prove by a preponderance of the evidence that any injury he has sustained was proximately caused by NECR's negligence.  NECR is not to be held responsible for any ailments from which the plaintiff may suffer which resulted from any cause other than those related to the alleged accident August 15, 2002.

Any physical disability or illness which you find to be attributable to either a prior or subsequent illness or accident which is not a direct result of the August 15, 2002 accident involving the rail car is not a part of this action and should not be considered by you.  You may not speculate or guess about this issue.  It is not sufficient for the plaintiff to show that his condition, injury and disability could or might have been caused by the alleged accident.

Chesapeake v. Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916); Bowles v. Zimmer Mfg. Co., 277 F.2d 868 (7th Cir. 1960).  See Moody v. Maine Cent. R. Co., 823 F.2d 693, 695 (1st Cir. 1987) ("Where the conclusion [of medical causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn") (citation omitted); Williams v. Southern Pacific  Trans. Co., 813 F. Supp. 1227, 1229-1231 (S.D. Miss. 1992) (railroad not liable under FELA to engineer for alleged hearing loss in absence of expert medical evidence showing causal connection).

### DEFENDANT'S JURY REQUEST NO. 16

(Medical Expertise Required)

Issues of medical causation, for example, whether an injury or illness was causally related to an alleged accident, represent subjects requiring specialized medical knowledge and expertise.  Jurors may not speculate or guess about medical causation issues based upon their own common, lay understanding, but rather must rely on the scientific or medical evidence provided by professionals and experts.

See Moody v. Maine Central R. Co., 823 F.2d 693, 695 (1st Cir. 1987); Maylew v. Bell S.S. Co., 917 F.2d 961, 963 (6th Cir 1990); Williams v. Southern Pacific Trans. Co., 813 F.Supp. 1227, 1229-1231 (S.D. Miss. 1992).  See also Haggerty v. McCarthy, 344 Mass. 136, 140-141, 181 N.E.2d 562 (1962).

## <u>DEFENDANT'S JURY REQUEST NO. 17</u>

(Causation - Probability, Not Possibility Standard)

Medical opinions on the subject of causation are not relevant or of any value unless a physician testifies that a causal relationship between a particular alleged event and a particular injury is probable and reasonably likely, rather than a mere possibility.

See <u>Imbibo v. Ahrens,</u> 360 Mass. 847, 847-848, 274 N.E.2d 349 (1971); <u>Oberlander's Case</u>, 348 Mass. 1, 7, 200 N.E.2d 268 (1964); <u>Berardi v. Mendicks,</u> 340 Mass. 396, 402, 164 N.E.2d 544 (1960).  See also <u>Mayhew v. Bell S. S. Co.</u>, 917 F.2d 961, 963 (6th Cir. 1990).

## <u>DEFENDANT'S JURY REQUEST NO. 18</u>

(Open and Obvious)

A danger is open and obvious if a reasonable man "exercising ordinary perception, intelligence, and judgment" would recognize the danger.   If you find that the substances in the rail yard were such that a reasonable person, exercising ordinary perception, intelligence and judgment would see the substances and recognize the potential danger in tracking them on his or her boot, then you must find the plaintiff himself negligent for causing or contributing to his accident.

<u>Gallant v. Indian Ranch, Inc.</u>, 2001 WL 1712502, *2 (Mass. 2001) (citing <u>Restatement (Second) of Torts § 343A</u> at Comment b), <u>Murgo v. Home Depot USA, Inc.</u>,190 F. Supp. 2d 248 (Dist. MA 2002)

## DEFENDANT'S JURY REQUEST NO. 19

(Plaintiff's Duty to Use Due Care)

Under the law, all persons are bound to take ordinary and reasonable care for their own safety and are required to use that degree of care and prudence which people of ordinary intelligence and prudence would exercise under the same or similar circumstances.  A person must make a reasonable use of his or her own faculties and use due care to observe and to avoid dangers or hazards which may allegedly exist upon the equipment he or she is using.

Benjamin v. O'Connell & Lee Manufacturing Company, 334 Mass. 646, 649, 138 N.E.2d 126 (1956); Lookner v. New York, New Haven & Hartford Railroad, 333 Mass. 555, 557, 132 N.E.2d 160 (1956); Nolan and Sartorio, Tort Law §208 at 346-347 (2d ed. 1989).  See Allen v. Chance Mfg. Co., Inc., 873 F.2d 465, 473 (1st Cir. 1989).  See also Hlodan v. Ohio Barge Line, Inc., 611 F.2d 71 (5th Cir. 1980) (breach of duty which plaintiff has consciously assumed as term of employment will bar recovery for injuries resulting from breach); Beimert v. Burlington Northern, Inc, 726 F.2d 412 (8th Cir. 1984) (no recovery where employee's negligence was sole cause of accident), Higley v. Missouri Pacific R. Co., 685 S.W.2d 572 (Mo. App. 1985).

## DEFENDANT'S JURY REQUEST NO. 20

(Effect of Plaintiff's Negligence)

The defendant bears the burden of proving that the plaintiff was negligent.  If you find that the plaintiff was negligent, and that his negligence proximately caused his injuries, then you must assign a percentage of fault to him.  If the plaintiff himself was negligent and such negligence was the sole cause of his accident, then you must find for the defendant NECR.  With respect to his FELA negligence claim, the plaintiff's recovery will be reduced by his percentage negligence.

Carter v. Atlanta & St. A. B. Ry., 338 U.S. 430, 435 (1949).  See Hlodan v. Ohio Barge Line, Inc., 611 F.2d 71 (5th Cir. 1980) (breach of duty which plaintiff has consciously assumed as term of employment will bar recovery for injuries resulting from breach); Beimert v. Burlington Northern, Inc, 726 F.2d 412 (8th Cir. 1984) (no recovery where employee's negligence was sole cause of accident), Higley v. Missouri Pacific R. Co., 685 S.W.2d 572 (Mo. App. 1985).

## **DEFENDANT'S JURY REQUEST NO. 21**

(Violation of a Safety Rule or Practice—Evidence of Negligence)

You may consider the plaintiff's violation of NECR's *Safety Rules* or standard railroad practices as evidence of the plaintiff's own negligence.

Godrey v. Old Colony Street Railway, 223 Mass. 419, 420 (1916).

## DEFENDANT'S JURY REQUEST NO. 22

(Damages - No Inference from Instructions)

The fact that the Court is giving you instructions on the law of damages, standing by itself, is not relevant and should create no inference whether or not the jury should actually award damages in the individual circumstances of this case.  If you decide to award damages in this case, the plaintiff is entitled to that sum of money which will reasonably reimburse him for the cost of the injuries he has suffered as a result of the defendant's negligence.  In this regard, the plaintiff bears the burden of proving that each and every injury or incapacity which he alleges in this case was causally related to NECR's conduct.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §85.01 at 312 (4th ed. 1987).

## <u>DEFENDANT'S JURY REQUEST NO. 23</u>

(Speculation Impermissible)

Any damages for which the plaintiff seeks recovery in this action must be proven and not left to guess work or speculation.  You are not permitted to award the plaintiff speculative damages; that is, compensation for a loss or harm which, although possible, is conjectural or not reasonably certain.

<u>Rouse v. Chicago, Rock Island & Pacific R. Co.</u>, 474 F.2d 1180 (8th Cir. 1973); <u>Goldstein v. Kelleher</u>, 728 F.2d 32, 38 (1st Cir. 1984); <u>Dillingham v. Hall</u>, 365 S.E.2d 738 (Va. 1988); Devitt, Blackmar and Wolff, §85.14 at 338 (4th ed. 1987).

## <u>DEFENDANT'S JURY REQUEST NO. 24</u>

(Pre-existing Medical Conditions/Injuries)

If you find from the evidence that the plaintiff was at the time of the alleged incident on August 15, 2002 suffering from a pre-existing medical condition, the plaintiff is not entitled to damages resulting from the pre-existing medical condition.  Instead, he may only recover such damages resulting from the alleged incident of August 15, 2002, if you find that the incident of August 15, 2002, was caused by some act of negligence on the part of the defendant.

<u>Stevens v. Bangor and Aroostook Railroad Company</u>, 97 F.3d 594, 601-602 (1st Cir. 1996); <u>Varhol v. National Railroad Passenger Corp.</u>, 909 F.2d 1557, 1564-1565 (7th Cir. 1990); <u>Sauer v. Burlington Northern Company</u>, 106 F.3d 1490, 1495 (10th Cir. 1996); <u>Akers v. Norfolk and Western Railway Co.</u>, 417 F.2d 632 (4th Cir. 1969); <u>Holladay v. Chicago, Burlington and Quincy Railroad Co.</u>, 255 F.Supp. 879, 886 (S.D. Iowa 1966).

## DEFENDANT'S JURY REQUEST NO. 25

(Aggravation of Injuries)

If you find that the plaintiff had a pre-existing medical condition or injury prior to the alleged incident of August 15, 2002, you should not consider any pecuniary loss caused by the pre-existing condition which would have resulted independently of the alleged incident of August 15, 2002.  You should also not consider any medical or hospital expenses or loss of earning capacity incurred by reason of the pre-existing condition which would have occurred independently of the alleged incident of August 15, 2002.  If NECR's negligence aggravated the plaintiff's pre-existing health condition, the defendant is liable only for the additional increment caused by its negligence and not for the pain and impairment that the plaintiff would have suffered even if the accident had never occurred.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969).

## <u>DEFENDANT'S JURY REQUEST NO. 26</u>

(Subsequent Injuries)

If you find that the plaintiff, subsequent to the alleged incident of August 15, 2002, sustained injuries for which the defendant is not responsible, you should not consider any pecuniary loss caused by the plaintiff's injuries which resulted independently of the alleged incident of August 15, 2002.  You should also not consider any medical or hospital expenses incurred by reason of the plaintiff's injuries which would have occurred independently of the alleged incident of August 15, 2002.

Therefore , since the plaintiff sustained injuries for which the defendant is not responsible on July 14, 2003, you should not consider any pecuniary loss which resulted from that injury.

<u>Harris v. Illinois Cent. R. Co</u>., 58 F.3d 1140 (6th Cir. 1995).

29

## DEFENDANT'S JURY REQUEST NO. 27

(Aggravation of Injuries)

The plaintiff has the burden of proving to a reasonable degree of certainty that any alleged future disability of which he complains is a result of an aggravation of injuries caused by NECR's conduct, rather than the result of the natural development of a pre-existing condition. If you find NECR was negligent, it is only liable for the damages which cause an aggravation of a pre-existing condition, but it is not liable for the pre-existing condition itself.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966).

## <u>DEFENDANT'S JURY REQUEST NO. 28</u>

(Apportionment of Damages)

If you find that there was an aggravation of the plaintiffs pre-existing health condition, you should determine what portion of the plaintiff's present condition resulted from the aggravation and make allowance in your verdict only for the aggravation.

<u>Stevens v. Bangor and Aroostook Railroad Company</u>, 97 F.3d 594, 601-602 (1st Cir. 1996); <u>Varhol v. National Railroad Passenger Corp.</u>, 909 F.2d 1557, 1564-1565 (7th Cir. 1990); <u>Sauer v. Burlington Northern Company</u>, 106 F.3d 1490, 1495 (10th Cir. 1996).

## <u>DEFENDANT'S JURY REQUEST NO. 29</u>

(Plaintiff is Not Entitled to Recover Medical Expenses)

The plaintiff is not entitled to recover damages for medical expenses covered by the

plaintiff's insurance policy, the premiums for which were paid by NECR.

<u>Rogers v. Chicago & Northwestern Transportation Co.</u>, 375 N.E.2d 952 (1978); <u>Nelson v. Pennsylvania Central Railroad Co.</u>, 415 F.Supp 225 (1976); <u>Brice v. National Railroad Passenger Corporation</u>, 664 F.Supp. 20 (1987) (The plaintiff may not recover for medical expenses paid pursuant to the plaintiff's insurance policy covered by the railroad, but may introduce evidence concerning the amount of medical bills or expenses; defendant railroad may thereafter introduce evidence regarding the expenses that have been paid.).

## <u>DEFENDANT'S JURY REQUEST NO. 30</u>

(Duty of Plaintiff to Mitigate Damages)

An injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury, by resuming gainful employment as soon as such can reasonably be done.  If he does not resume employment even though he is physically able to do so, then the plaintiff may not recover damages for earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment.

<u>Young v. American Export Lines</u>, 291 F. Supp. 447, 450 (S.D. N.Y. 1968); <u>Holladay v. Chicago,  B. &  Q. R. R.</u>, 255 F. Supp. 879, 886-887 (S.D. Iowa 1966); <u>Alexander v. Meija Kasom K. K.</u>, 195 F. Supp. 831, 835 (E.D. Ca. 1961), <u>aff'd</u>, 311 F.2d 385 (5th Cir. 1962).

## <u>DEFENDANT'S JURY REQUEST NO. 31</u>

(Duty of Plaintiff to Mitigate Damages)

"One who is injured by the wrongdoing of another [should the jury find that any wrongdoing has, in fact, occurred in this case] owes to that other the duty to make every reasonable effort to repair the injury and lessen the damages.  If he does not, the cause of any injury which such effort would have prevented is to be found in the neglect of the person injured, and not in the original wrong."

<u>Degener v. Gray Line</u>, 331 Mass. 133, 134, 117 N.E.2d 641 (1954).

34

## DEFENDANT'S JURY REQUEST NO. 32

(Malingering - receipt of disability benefits)

You may consider the plaintiff's receipt of disability benefits as evidence of his

malingering (i.e. feigning physical disability to avoid work and to continue receiving disability

payments) or his lack of motivation to return to work and on the issue of the plaintiff's

credibility.  However, you are to consider such evidence only on these issues; any such evidence

or references to collateral sources of income are not to reduce any compensation the plaintiff

may receive here or to increase it, but only on the issue of his motivation to go back to work.

McGrath v. Consolidated Rail Corporation, 136 F.3d 838 (1st. Cir. 1998); see also Santa
Maria v. Metro-North Commuter R.R., 81 F.3d 265, 273 (2d. Cir. 1996) (holding collateral
source evidence admissible if plaintiff puts financial status at issue);  Moses v. Union Pac. R.R.,
64 F.3d 413, 416 (8th Cir. 1995)(allowing collateral source evidence where the plaintiff's case
itself has made the existence of such evidence of probative value); DeMedeiros v. Koehring Co.,
709 F.2d 734, 739-741 (1st Cir. 1983); Simmons v. Hoegh Lines, 784 F.2d1234, 1236 (5th Cir.
1986) (finding collateral source evidence admissible for limited purpose of proving another
matter if little likelihood of prejudice and no strong potential for improper use, and a careful
qualifying jury instruction is given); Corsetti v. Stone Co., 396 Mass. 1, 16-21, 483 N.E.2d 793
(1985) (collateral source evidence admissible where plaintiff has affirmatively pled poverty).

"Collateral" sources of income are only those which the plaintiff has received from

sources other than NECR.  For instance, wage continuation paid to the plaintiff is not a collateral

source.

## <u>DEFENDANT'S JURY REQUEST NO. 33</u>

(Damages Must Be Reasonable)

If you find for the plaintiff, the damages which you award must be reasonable.  You may award only that amount of damages as will reasonably compensate the plaintiff for his injury.  In this regard, the plaintiff has the burden of proving, by the evidence in the case, that the damages which he alleges or claims were sustained as a direct result of the accident.

Nolan and Sartorio, <u>Tort Law</u> §240 at 405 (2d ed. 1989).

## DEFENDANT'S JURY REQUEST NO. 34

(Wage Loss)

Net wage loss is the proper measure of damages. Only after tax, or "net" income, is the proper measure of damages.

Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983); Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490 (1980); Cazad v. Chesapeake & Ohio Railway Co., 404 N.E.2d 320 (Ill.App. 1980); Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490 (1980).

Not only must federal income tax be deducted from any future wage loss calculation, but Social Security tax or railroad retirement tax must also be deducted, along with any state income tax.

Pickel v. International Oilfield Divers, Inc., 791 F.2d 1237 (5th Cir. 1986); Matador v. Ingram Tank Ships, Inc., 732 F.2d 475 (5th Cir. 1985).

Plaintiff is required to deduct from his gross earnings not only taxes, but also the business costs and expenses he will not incur as a result of his alleged injuries. These costs and expenses include union dues, transportation expenses, and special work clothing or safety equipment.

Jones & Laughlin Steel Corp. v. Pfeifer, 732 F.2d 475 (5th Cir. 1985).

## <u>DEFENDANT'S JURY REQUEST NO. 35</u>

(Hedonic or Loss of Pleasure of Life Damages)

You may not include in your award of damages in this case, if any, any compensation for the plaintiff's so-called "loss of pleasure of life" or any compensation for alleged injury to the plaintiff's ability to enjoy life.  Such alleged damages may not be recovered under the applicable law.

See generally 15 A.L.R.3d 506, "Damages — Loss of Enjoyment of Life."

## <u>DEFENDANT'S JURY REQUEST NO. 36</u>

(Reduction of Award to Present Value)

If you find in favor of the plaintiff and decide to make an award for any loss of earnings in the future, you mush take into account the fact that the money awarded by you is being received all at one time instead of over a period of time extending into the future and that the plaintiff will have the use of this money in a lump sum.  You must therefore, determine the present value or present worth of the money which you award for such future loss.

<u>St. Louis Southwestern Ry. Co. v. Dickerson</u>, 470 U.S. 409, 105 S.Ct. 1347 (1985).

**<u>DEFENDANT'S JURY REQUEST NO. 37</u>**

(Unanimity of Verdict)

Your verdict in this case must be unanimous.  In order to return a verdict, it is necessary that each juror agree.  In order for the plaintiff to satisfy his burden of proof that NECR was negligent under the FELA, you must all come to agreement on each element of this theory.  Specifically, you must all unanimously agree that the plaintiff has met his burden of proving that the stirrup on the rail car in question was unreasonably unsafe, that NECR knew or should have known of the condition of the stirrup, NECR failed to exercise ordinary care under the circumstances and that the unsafe condition was due to NECR's negligence.  If you find that the plaintiff has met his burden of proof under this theory, you must also all unanimously agree that the plaintiff has met his burden of proving that the unreasonably unsafe condition of the stirrup proximately caused the plaintiff's injuries.  If you do not all unanimously agree on this theory of liability, or on the issue of causation, your verdict would not be unanimous, and you would be required to return a verdict in favor of NECR.

See Fed. R. Civ. P. 48; 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, sec. 74.01 (4th ed. 1987 and 1996 Supp.); Wright & Miller, <u>Federal Practice and Procedure</u>, sec. 2492 at 143-147 (2d ed. 1994).  See generally <u>Brochu v. Ortho Pharmaceutical Corp.</u>, 642 F.2d 652, 662 (1st Cir. 1981) ("Ordinarily, to submit two counts for general verdict where the evidence does not justify recovery on both, constitutes error, since it cannot be told that the jurors did not take the wrong route"), and cases cited therein.

40