UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>    Plaintiff,<br>  v.<br>NEW ENGLAND CENTRAL RAILROAD, INC.,<br>    Defendant. | Civil Action No.: 04-11772-MAP |

## THE DEFENDANT, NEW ENGLAND CENTRAL RAILROAD, INC.'S, REQUEST FOR SPECIAL VERDICT QUESTIONS

Pursuant to Fed. R. Civ. P. 49, the defendant, New England Central Railroad, Inc. ("NECR"), requests that this Honorable Court submit the following proposed special verdict questions to the jury at the commencement of their deliberations.

                                                            Respectfully submitted,
                                                            The defendant,
                                                             New England Central Railroad, Inc.,
                                                             By its attorneys:

                                                             /s/ Valerie A. Murphy_____
                                                            Michael B. Flynn, BBO #559023
                                                            Valerie A. Murphy, BBO #661460
                                                            FLYNN & ASSOCIATES, P.C.
                                                           400 Crown Colony Drive
                                                           Suite 200
                                                           Quincy, MA 02169
                                                           (617) 773-5500

DATED:  __July 18, 2006_____
G:\F & A\CASE FILES\RAILAMERICA\New England Central\JONES, RICKEY A\pleadings\Proposed Special Verdict Questions.doc

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICKEY A. JONES,<br>          Plaintiff,<br>    v.<br>NEW ENGLAND CENTRAL RAILROAD,<br>INC.,<br>          Defendant. | Civil Action No.: 04-11772-MAP |

## THE DEFENDANT, NEW ENGLAND CENTRAL RAILROAD, INC.'S, PROPOSED SPECIAL VERDICT QUESTIONS

1. Has the plaintiff proven by a fair preponderance of the evidence that the defendant was negligent?

    _____ Yes        _____ No

    · If yes, move on to No. 2.
    · If no, return to the courtroom.

2. Has the plaintiff proven by a fair preponderance of the evidence that the defendant's negligence actually and proximately caused the plaintiff's alleged injuries?

    _____ Yes        _____ No

    · If yes, move on to No. 3.
    · If no, return to the courtroom.

3. Has the defendant proven by a fair preponderance of the evidence that the plaintiff was negligent with respect to the happening of his alleged accident?

    _____ Yes        _____ No

    · If yes, move on to No. 4.
    · If no, move on to No. 6.

4. Has the defendant proven by a fair preponderance of the evidence that the plaintiff's negligence was a proximate cause of his injuries?

    _____ Yes        _____ No

    · If yes, move on to No. 5.
    · If no, move on to No. 6.

5. What % of fault do you attribute to the plaintiff with respect to the happening of his alleged accident?

      _____%

    · Move on to No. 6.

6. What is the amount of money, reduced to present value, that fairly and reasonably compensates the plaintiff for his damages?

      $_____.

7. Did the plaintiff have a pre-existing condition prior to August 15, 2002?

 _____ Yes _____ No

*The percentages determined in Questions 8, 9 and 10 must total 100%.*

8. What %, if any, of the plaintiff's damages determined in question #6 above is attributable to a condition from which the plaintiff suffered prior to August 15, 2002?

      _____%

9. What %, if any, of the plaintiff's damages determined in question #6 above is to the subsequent injury which the plaintiff suffered on July 14, 2003?

      _____%

10. What %, if any, of the plaintiff's damages determined in question #6 above is attributable to the conditions which resulted from the August 15, 2002 incident?

      _____%

Please return to the courtroom.