COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
Attorney I.D. No. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800

**Attorneys For: Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,                )
       Plaintiff     )
                                )
v.                              )     Civil Action No. 04-11772-MAP
                                )
NEW ENGLAND CENTRAL             )
RAILROAD, INC.,                 )
       Defendant     )

## PLAINTIFF'S PROPOSED VOIR DIRE

1. Where do you live Mr., Ms., Miss, or Mrs. J?[1]

2. Is there a Mrs./Mr. J?

3. What do you do for a living? Are you employed outside the home? By whom are you employed?

4. How long have you been so employed?

5. What did you do before that?

6. Is Mr./Mrs./Ms. J employed outside the home? What is your husband's/wife's occupation?

---

[1] "J" refers to Juror.

7. What does he/she do?

8. In the past, what other kinds of work has she/he done?

9. Do you have adult children?

10. What do they do? (If children are married, ask about occupations of their spouses.)

11. Have you served as a juror before? On what kinds of cases?

12. Do you own and/or drive an automobile?

13. Do you have any lawyers or doctors in your family? Among your close friends? (If the answer is "Yes," ask the nature of their practice; in particular, are they involved with claims?)

14. Do you know anyone who is employed as a claims adjustor or anyone who acts on claims?

15. Do you or any members of your immediate family have any training in law, medicine or nursing?

16. Mr./Mrs./Ms. J, do you know of any of the parties involved in this case? Do you know the attorney for the defendant or any member of her firm? Do you know me or any member of my firm?

17. Have you ever heard of this case before?

18. Are you familiar with any of the witnesses or expert witnesses who may testify in this case: [LIST]

19. Are you acquainted with any employee of the defendant?

20. Is there anything about the nature of this case or about the parties involved that would make you hesitate to sit on this jury?

21.    Have you ever been involved in an accident?

22.    Has anyone ever made a claim against you as the result of an accident or other situation?

23.    Have you, or any member of your family, ever suffered injuries as a result of any kind of accident? Was a claim made? Did you retain a lawyer to represent you? Tell us about it.

24.    Was a lawsuit filed? If the answer is "No," ask: Do you have a feeling that you would not bring an action for personal injuries no matter how serious the injury was?

25.    Was the case tried or was it disposed of in some other way?

26.    Was it disposed of to your satisfaction?

27.    Have you or your family ever been involved in any other lawsuit? Tell us about them.

28.    Have you ever been a witness? Tell us about it.

29.    You understand, Mr./Mrs/Ms. J, do you not, that each case must be decided upon its own facts and according to the law?

30.    In criminal cases, the requirement as to degree of proof is different from what it is in a civil case. In a criminal case, the prosecution has the burden of proof. It must convince the jury beyond a reasonable doubt that the defendant is guilty. In a civil case, the plaintiff has a lesser burden and need to prove his case only by a preponderance of the evidence. Will you follow and apply the law in this case as the Court instructs you, particularly as to the degree of proof?

31.    Mr./Mrs./Ms. J, as you know, the plaintiff must prove his case by a preponderance of evidence, which means merely that we must prove a better case

than the case against us. That is what the law says we must do. Will you apply that law to this case?

32. Do you have any quarrel with the law which permits a person to sue for legitimate compensation or damages for injuries and losses sustained through the fault of another?

33. How do you feel about awarding substantial damages where the proof and the law satisfy you that the plaintiff is entitled to them?

34. Do you believe in the reality of pain and suffering?

35. Do you feel that pain and suffering is of any less importance than purely financial losses? What is your attitude about giving damages for pain and suffering? 36. Would you cut the verdict just because, when its parts are added up, it seems like a lot of money?

37. On the basis of anything which you have read or heard about personal injury cases, the amount of jury verdicts or any other publicity you have seen or heard on the television, radio or read about in the newspapers or magazines, would you have any reluctance about returning a fair and proper verdict, even if it was a very substantial amount?

38. Do you have a limit in your own mind of so many dollars beyond which you would not render a verdict, regardless of the evidence?

39. You understand, Mr./Mrs./Ms J, that if the plaintiff is not entitled to recover he should receive nothing. On the other hand, if you find for plaintiff, he is entitled to an award for the full amount of damages which he has sustained. The jury is not to compromise between the issues of liability and compensation. If

selected, will you follow the law and be fair in this regard and "let the chips fall where they may?"

40. If we prove our case and you find that the plaintiff is entitled to your verdict and that his injuries are serious, will you award damages commensurate with the injuries and financial loss, even though that would require a verdict in a very substantial amount?

41. Mr./Mrs./Ms. J, I have instructed you that this case concerns allegations that the plaintiff who is employed by the defendant alleges that he was hurt while performing his work activities for his employer, the defendant in this case. Plaintiff claims that he was injured and in fact alleges that he sustained permanent and disabling injuries preventing him from returning to his employment and seeking damages for past and future lost for earning capacity and past and future pain and suffering. Are you aware of any reasons best known to yourself, whether religious, ethical, moral and from anything you have heard from family, friends, neighbors, radio, television broadcasts or read in any newspapers, that would prevent you from sitting as a juror in this case listening to the facts and the evidence and considering the legal instructions that I will give you that would prevent you from being a fair and impartial juror for both sides in this case? If so, please explain

42. Mr./Mrs./Ms. J, if one of your family members was the plaintiff in this case, do you believe he or she could obtain a fair trial from twelve jurors in your present frame of mind?

43.     You understand, of course, that what counsel for the defendant and I are seeking are fair and impartial jurors to decide this case?  Do you feel that you can be one of those?

44.     Are you or any member of your family or any close friends employed by the defendant?

45.     Are you or any member of your family or any close friends employed by any railroad or any company that works for the railroad or any transportation company, such as trucking, bus, taxi-cabs, limousine services or anything similar?

46.     Have you or any member of your family or any close friends been employed by any railroad or any company that works for the railroad or any transportation company, such as trucking, bus, taxi-cabs, limousine services or anything similar?

Thank you Mr./Mrs./Ms. J.

                                              Respectfully submitted,

                                              **COFFEY KAYE MYERS & OLLEY**

                                              BY: ___/s/ Robert E. Myers, Esquire___
                                                   ROBERT E. MYERS, ESQUIRE
                                                   Counsel for Plaintiff

WITNESS LIST

<u>A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony:</u>

1. The Plaintiff, Rickey A. Jones
   407 Desoto Avenue
   Clewiston, Florida.

The Plaintiff will testify as to all matters regarding both liability and damages in this case. The Plaintiff will testify as to how the accident happened, the injuries he sustained, the medical treatment he underwent, as well as the vocational significance of his injuries; obtaining gainful employment outside the railroad; loss of life's pleasures and other activities and other issues regarding his physical injuries; loss of past and future earning capacity, as well as past and future pain and suffering.

The following employees of the railroad on cross-examination:

2. Nathaniel Cobb, Engineer
   c/o the Defendant

3. Kevin Bushy, Conductor
   c/o the Defendant

The two individuals above will testify to the facts concerning the conditions of Defendant's rail yard, as well as the accident in question. They will also testify as to prior complaints with regard to the ground conditions and other working conditions in the yard itself and produce any records, photographs and/or writings of any kind with regard to the aforementioned conditions.

4. Larry Laroux (Loux?)
   c/o the Defendant and Union Representative
   and/or other Union Representatives

This individual will testify to the facts concerning the conditions of Defendant's rail yard, as well as the accident in question. He will also testify as to prior complaints with regard to the ground conditions and other working conditions in the yard itself.

5. Personnel of:
   Northwestern Medical Center Rehabilitation Services
   P. O. Box 1370
   St. Albans, Vermont 05478

The witness(es) will testify as to the authenticity of medical records.

6. Personnel of:
   Northwestern Medical Center
   156 Fairfield Street
   St. Albans, Vermont 05478

The witness(es) will testify as to the authenticity of medical records.

7.     Robert N. Beattie, M.D.
        Doctors Office Common
        3 Crest Road
        St. Albans, Vermont 05478

Dr. Beattie was Plaintiff's treating physician who will also testify as an expert in this case. Dr. Beattie both treated and performed surgery on the Plaintiff and has rendered opinions with regard to Plaintiff's diagnosis, causation, disability, future limitations, the reasonableness and necessity of his medical care, as well as Plaintiff's pain and suffering.

8.     Michael Mikolajczak, D.O.
        The Center for Bone and Joint Surgery
        10131 W. Forest Hill Boulevard, Suite 206
        West Palm Beach, Florida 33414

Dr. Mikolajczak was Plaintiff's treating physician who will also testify as an expert in this case. Dr. Mikolajczak both treated and performed surgery on the Plaintiff and has rendered opinions with regard to Plaintiff's diagnosis, causation, disability, future limitations, the reasonableness and necessity of his medical care, as well as Plaintiff's pain and suffering.

9.     Raymond A. Long, M.D.
        3 Crest Road
        St. Albans, Vermont 05478

Dr. Long was Plaintiff's treating physician who will also testify as an expert in this case. Dr. Long both treated and performed surgery on the Plaintiff and has rendered opinions with regard to Plaintiff's diagnosis, causation, disability, future limitations, the reasonableness and necessity of his medical care, as well as Plaintiff's pain and suffering.

10.    Personnel of:
        Hendry Diagnostic Imaging Center, Inc.
        1008 W. Sidemore Avenue
        Clewiston, Florida 33440

The witness(es) will testify as to the authenticity of MRI examination.

11.    Andrew G. Verzilli, Ph.D.,
        Economist
        Verzilli & Verzilli and Consultants, Inc.
        411 N. Broad Street
        Lansdale, PA 19446

Dr. Verzilli is the Plaintiff's Economist. Dr. Verzilli's testimony concerns his opinions regarding Plaintiff's difference in potential earning capacity relative as a result of Plaintiff's injury in this case. Dr. Verzilli has rendered his opinions regarding Plaintiff's past and future wage loss to various ages as well as utilizing different discount rates. Dr. Verzilli utilized present value calculations.

12.  Cathy McVey, CDMS, SDAD, QRP
     Certified Disability Management Specialist
     Senior Disability Analyst and Diplomat
     State of Florida Qualified Rehabilitation Provider
     1340 U.S. Highway 1, Suite 102
     Jupiter, Florida 33469

This witness is Plaintiff's Vocational Expert. Ms. McVey will testify with regard to the effect of Plaintiff's injuries on his pre and post vocational potential and how the accident, injuries and permanent and disabling injuries have affected his ability to work and what kinds of work would be available to him in the workplace in the future.

13.  Representative of:
     Palms Wellington Surgery Center
     460 State Road 7
     Palm Beach, Florida 33411

The witness will testify as to the authenticity of medical records.

14.  Northwestern Medical Center, Inc.
     156 Fairfield Street
     St. Albans, VT 05478
     Diagnostic Imaging Report
     c/o Luis Gonzalez, M.D.

The witness will testify as to the authenticity of diagnostic imaging report.

15.  Representative of:
     Deborah R. Hellinger, D.O. c/o The Hendry Diagnostic Imaging Center, Inc.
     1008 W. Sagamore Avenue, Clewiston, Fl 33440
     MRI Report of right knee 01/12/04

The witness will testify as to the authenticity of MRI examination.

16.  Representative of:
     The Hendry Diagnostic Imaging Center, Inc.
     1008 W. Sagamore Avenue
     Clewiston, FL 33440
     MRI Report of the left knee 8/11/03

The witness will testify as to the authenticity of MRI examination.

17.  Walter Wagenknecht, M.D.
     c/o Northwestern Medical Center
     X-rays of the right knee 12/10/02

The witness will testify as to the authenticity of medical records/x-rays.

18.  Walter Wagenknecht, M.D.
     c/o Northwestern Medical Center
     X-rays of the left knee

The witness will testify as to the authenticity of medical records/x-rays.

19. Nancy Hickey, M.D.
    c/o Northwestern Medical Center
    Emergency Room Physician
The witness will testify as to the authenticity of medical records.

20. Representative of:
    Northwest Vermont Health Services
The witness will testify as to the authenticity of medical records.

21. Representative of:
    Northwestern Occupational Health
    Cobblestone Health Commons
    260 Crest Road, Suite 101
    Clewiston, FL 33440
The witness will testify as to the authenticity of medical records.

22. D. Dunsmore, PT
    and Other Members of the Physical Therapy Staff
The witness(es) will testify as to the authenticity of medical records.

23. Nimia Reyes, PT
    Hendry Regional Rehabilitation Services
    121 Central Avenue
    Clewiston, Florida
The witness will testify as to the authenticity of medical records.

24. Plaintiff's Family and Friends
Plaintiff's family and friends will testify with regard to Plaintiff's physical, emotional and mental condition, both prior to and subsequent to the accident in this case. Plaintiff's family and friends will testify with regard to plaintiff's inability to perform various family, social and work activities an, how the accident in the present case affected Plaintiff's life's pleasures.