# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,           )
           **Plaintiff**   )
                 )
    v.                 )     **Civil Action No. 04-11772-MAP**
                 )
NEW ENGLAND CENTRAL  )
RAILROAD, INC.,        )
          **Defendant**   )

## O R D E R

AND NOW, this       day of       , 2006, upon consideration of Plaintiff's Motion in Limine re Collateral Source Railroad Retirement Disability and/or Workmen's Compensation Benefits it is hereby ORDERED and DECREED that Defendant is prohibited from making any reference, question, inference or comment concerning plaintiff's disability benefits and/or workmen's compensation benefits.

BY THE COURT:

 

_____

                                                          **J.**

COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800

Attorneys For: Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>Plaintiff | )<br>)<br>) |
| v. | )<br>)  Civil Action No. 04-11772-MAP |
| NEW ENGLAND CENTRAL<br>RAILROAD, INC.,<br>Defendant | )<br>)<br>)<br>) |

## MOTION AND MEMORANDUM OF LAW
## RE:  COLLATERAL SOURCE RAILROAD RETIREMENT
## DISABILITY and/or WORKMEN'S COMPENSATION BENEFITS

Evidence of disability payments, which the Plaintiff is receiving under The Railroad Retirement Act and/or Workmen's Compensation Benefits, is inadmissible. The Court should not allow evidence of, or comment about, Mr. Jones' collateral source of income in the nature of disability pension payments under The Railroad Retirement Act and/or Workmen's Compensation Benefits.

Under the Collateral Source Rule, the Plaintiff need not offset his recovery from the Defendant by the amount of any benefits received from sources collateral to the Defendant. *Eichel v. New York Central Railroad Co.*, 375 U.S. 253, 84 S.Ct. 316 (1963).

There should be no questions, no inference about, and no reference to Mr. Jones' receipt of Railroad Retirement disability benefits. The Supreme Court in *Eichel* held that

evidence of disability payments, which plaintiff was receiving under The Railroad Retirement Act, was **inadmissible** as bearing on the extent and duration of disability suffered by plaintiff or on the issue of malingering. The Court reasoned that the likelihood of misuse by the jury outweighed the value of such evidence. The Court further held that evidence thereof would violate the spirit of The Federal Employers' Liability Act and The Railroad Retirement Act.

In reaching its decision, the *Eichel* court was ahead of its time. It based its decision on a balance between the probative value of the evidence and a possibility of prejudice resulting from the jury's consideration of the evidence on irrelevant issues. This is the balancing now mandated by the Federal Rules of Evidence. However, this Court need not perform this balancing as the Supreme Court has already done so.

Therefore, the Court should instruct the Defendant's counsel that any reference, question, inference or comment concerning Mr. Jones' disability benefits and/or workmen's compensation benefits is prohibited.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

BY: ___/s/ Robert E. Myers, Esquire____
ROBERT E. MYERS
Counsel for Plaintiff

**COFFEY KAYE MYERS & OLLEY**
BY:  Robert E. Myers, Esquire
ATTORNEY I.D. NO.  23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA  19004
(610) 668-9800

Attorneys For:  Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RICKEY A. JONES,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11772-MAP |
| | ) | |
| **NEW ENGLAND CENTRAL** | ) | |
| **RAILROAD, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on counsel for

defendant by mailing same this 21st[th] day of July, 2006.

Signed under the pains and penalties of perjury.

COFFEY KAYE MYERS & OLLEY

By:____/s/ Robert E.  Myers, Esquire___
Robert E. Myers
Counsel for Plaintiff