UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,            )
        Plaintiff   )
                            )
v.                          )        Civil Action No. 04-11772-MAP
                            )
NEW ENGLAND CENTRAL         )
RAILROAD, INC.,             )
                            )
        Defendant   )

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff's Motion in Limine and Defendant's response thereto, it is hereby ORDERED and DECREED that Defendant is precluded from offering any evidence by way of direct or cross-examination concerning any disciplinary or assault charges which resulted in the Plaintiff's discipline in the United States Marine Corps.

                              BY THE COURT:

                              _____
                                              J.

COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800

                                                  Attorneys For: Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-11772-MAP |
| ) | |
| NEW ENGLAND CENTRAL ) | |
| RAILROAD, INC., ) | |
| ) | |
|     Defendant. ) | |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
### INTRODUCTION OF EVIDENCE CONCERNING
### DISCIPLINARY ACTION/HEARING and/or CRIMINAL PROCEEDINGS

Plaintiff, Rickey A. Jones, by and through his attorneys, Coffey, Kaye, Myers & Olley, seeks this Honorable Court to preclude evidence of his disciplinary action, disciplinary hearing and/or arrest by the United States Marine Corps and avers in support thereof:

1. Plaintiff was injured while employed by the Defendant on August 15, 2002.

2. Plaintiff believes that credibility will play an important role in the trial of this matter.

3. While the Plaintiff was serving in the United States Marine Corps, he testified at his deposition that he was involved in an altercation that resulted in an

arrest/disciplinary proceeding. No specific criminal charges were ever brought against the Plaintiff.

4. This material is not probative to Plaintiff's conduct in the present case.

5. The undue prejudice of the introduction of said evidence substantially outweighs any probative value the proffered evidence would have, and this Honorable Court should respectfully preclude evidence of said disciplinary action/hearing/arrest proceedings.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion in Limine.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY


By: /s/ Robert E. Myers, Esquire
    ROBERT E. MYERS
    Counsel for Plaintiff

COFFEY KAYE MYERS & OLLEY
BY:  Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA  19004
(610) 668-9800

                                                                  Attorneys For:  Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>                  Plaintiff,<br><br>v.<br><br>NEW ENGLAND CENTRAL<br>RAILROAD, INC.,<br>                  Defendant. | Civil Action No. 04-11772-MAP |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE CONCERNING DISCIPLINARY ACTION/HEARING and/or CRIMINAL PROCEEDINGS

      Plaintiff, Rickey A. Jones, by and through his attorneys, Coffey, Kaye, Myers & Olley, seeks this Honorable Court to preclude evidence of his disciplinary action, disciplinary hearing and/or arrest by the United States Marine Corps and avers in support thereof:

      Plaintiff was injured while employed by the Defendant on August 15, 2002.

      Plaintiff believes that credibility will play an important role in the trial of this matter.

While the Plaintiff was serving in the United States Marine Corps, he testified at his deposition that he was involved in an altercation that resulted in an arrest/disciplinary action/hearing. No specific criminal charges were ever brought against the Plaintiff.

This material is not probative to Plaintiff's conduct in the present case.

The undue prejudice of the introduction of said evidence substantially outweighs any probative value the proffered evidence would have, and this Honorable Court should respectfully preclude evidence of said disciplinary action/arrest proceedings or hearings.

Federal Rule of Evidence 608 allows limited evidence of character and conduct of witnesses. Rule 608(b) allows questioning into specific instances of conduct of the witness at the discretion of the Court.

Discretion available under Rule 608 is read in connection with the protection of Rule 403 which requires that probative value not be outweighed by danger of unfair prejudice prior to admission. The undue prejudice that would fall upon plaintiff should the evidence be admitted greatly outweighs the minimal probative value that the charges have. See United States v. Kennedy, 714 F.2d 968 (9th Cir. 1983). The undue prejudice precludes the admission of evidence of any disciplinary/criminal proceedings/hearings of the United States Marine Corps.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion in Limine.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY

By: /s/ Robert E. Myers, Esquire
ROBERT E. MYERS
Counsel for Plaintiff

COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800

                                                       Attorneys For:  Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICKEY A. JONES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11772-MAP |
| | ) | |
| NEW ENGLAND CENTRAL | ) | |
| RAILROAD, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the foregoing pleading on counsel for defendant by mailing same this 21st[th] day of July, 2006.

Signed under the pains and penalties of perjury.

                                              COFFEY KAYE MYERS & OLLEY

                                              By:    /s/ Robert E. Myers, Esquire
                                                      Robert E. Myers
                                                      Counsel for Plaintiff