UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,            )
            Plaintiff    )
                         )
v.                           )    Civil Action No. 04-11772-MAP
                         )
NEW ENGLAND CENTRAL          )
RAILROAD, INC.,              )
            Defendant    )

## ORDER

      AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff's Motion in Limine and Defendant's response thereto, it is hereby ORDERED and DECREED that Defendant is precluded from utilizing any witness whose written statements, tape-recorded statements and/or transcriptions of tape-recorded statements that were taken by the defendant and not produced to the plaintiff in discovery in this case.

                                      BY THE COURT:

                                      _____
                                                      J.

COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800

                                                Attorneys For: Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICKEY A. JONES, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11772-MAP |
| | ) | |
| NEW ENGLAND CENTRAL | ) | |
| RAILROAD, INC., | ) | |
| | ) | |
|       Defendant. | ) | |

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Rickey A. Jones, by and through his attorneys, Coffey, Kaye, Myers & Olley, respectfully requests this Honorable Court to preclude the defendant from presenting any witness whose written, tape recorded and/or transcription of tape-recorded statement was taken by the defendant, if said materials have not been turned over to the plaintiff in discovery, and in support of this Motion, plaintiff avers the following:

    1.    In its initial disclosure, defendant indicated they had transcriptions of tape recorded statements of several potential witnesses in this case. Defendant has never produced these statements on the grounds that they are protected from discovery by the attorney-client privilege and are work product prepared in anticipation of litigation. (See

the Defendant's Initial Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1) and L.R. 26.2A, a true and correct copy which is attached hereto, made a part hereof and marked Exhibit "A.")

2.   Plaintiff believes and therefore avers that defendant will attempt to produce these witnesses at trial and question them concerning the events surrounding plaintiff's accident and injuries on August 15, 2002.

3.   If defendant is allowed to present these witnesses without the prior production of their written statements, tape-recorded statements and/or transcription of tape-recorded statements, then the plaintiff will be prevented from properly preparing for and actually conducting the cross-examination of these witnesses at the time of trial.

WHEREFORE, plaintiff respectfully request this Honorable Court to preclude the testimony of the aforementioned witnesses.

                            Respectfully submitted,

                            COFFEY KAYE MYERS & OLLEY


                            By:  /s/ Robert E. Myers, Esquire
                                ROBERT E. MYERS
                                Counsel for Plaintiff

COFFEY KAYE MYERS & OLLEY
BY:  Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA  19004
(610) 668-9800

Attorneys For:  Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>    Plaintiff,<br><br>v.<br><br>NEW ENGLAND CENTRAL<br>RAILROAD, INC.,<br>    Defendant. | Civil Action No. 04-11772-MAP |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE

Plaintiff, Rickey A. Jones, by and through his attorneys, Coffey, Kaye, Myers & Olley, respectfully requests this Honorable Court to preclude the defendant from presenting any witness whose written, tape recorded and/or transcription of tape-recorded statement was taken by the defendant, if said materials have not been turned over to the plaintiff in discovery.

In its initial disclosure, defendant indicated it had transcriptions of tape recorded statements of several potential witnesses in this case. Defendant has never produced these statements on the grounds that they are protected from discovery by the attorney-client privilege and are work product prepared in anticipation of litigation. (See

the Defendant's Initial Disclosure Pursuant to Fed.R.Civ.P. 26(a)(1) and L.R. 26.2A. attached hereto as Exhibit "A".)

Plaintiff believes and therefore avers that defendant will attempt to produce these witnesses at trial and question them concerning the events surrounding plaintiff's accident and injuries on August 15, 2002.

If defendant is allowed to present these witnesses without the prior production of their written statements, tape-recorded statements and/or transcription of tape-recorded statements, then the plaintiff will be prevented from properly preparing for and actually conducting the cross-examination of these witnesses at the time of trial.

WHEREFORE, plaintiff respectfully request this Honorable Court to preclude the testimony of the aforementioned witnesses.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY


By: __/s/ Robert E. Myers, Esquire__
 ROBERT E. MYERS
 Counsel for Plaintiff

COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
ATTORNEY I.D. NO. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
(610) 668-9800

                                                        Attorneys For:  Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICKEY A. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11772-MAP |
| | ) | |
| NEW ENGLAND CENTRAL | ) | |
| RAILROAD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that I served a copy of the foregoing pleading on counsel for defendant by mailing same this 21st[th] day of July, 2006.

Signed under the pains and penalties of perjury.

                                  COFFEY KAYE MYERS & OLLEY


                                  By:_____/s/ Robert E. Myers, Esquire_____
                                      Robert E. Myers
                                      Counsel for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>          Plaintiff,<br><br>v.<br><br>NEW ENGLAND CENTRAL RAILROAD,<br>INC.,<br>          Defendant. | C.A. No.: 04-11772-MAP |

### THE DEFENDANT, NEW ENGLAND CENTRAL RAILROAD, INC.'S, INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)

The defendant, New England Central Railroad, Inc. ("NECR") hereby submits its *Initial Disclosures*, pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.2A, as follows:

A.    WITNESSES:

In accordance with Fed. R. Civ. P. 26(a)(1)(A), the NECR identifies the following individuals who are likely to have discoverable information that the NECR may use to support its claims or defenses (note that the NECR is not required to identify those individuals who it may use solely for impeachment):

1.    The plaintiff, Rickey A. Jones, 407 DeSoto Avenue, Clewiston, FL;

2.    Sherry L. Jones;

3.    Debra-Ann Morin;

4.    Nathaniel Y. Cobb, c/o New England Central Railroad;

5.    Jim Anders, c/o New England Central Railroad;

6.    Kevin Bushy, c/o New England Central Railroad;

7.    Louise Carbiere, c/o New England Central Railroad;

8.    Michael Lawyer, c/o New England Central Railroad;

9. Michael Olmstead, c/o New England Central Railroad;

10. Charles Moore, c/o New England Central Railroad;

11. Richard L. Ogden, Kendallville, IN;

12. Thomas Tozzer, c/o New England Central Railroad;

13. William .L. Magee, former Assistant General Manager, New England Central Railroad;

14. Brad Ovitt, Assistant General Manager, New England Central Railroad;

15. Steve Larro, trainmaster, c/o New England Central Railroad;

16. Plaintiff's expert witnesses retained to provide an opinion regarding liability and/or damages;

17. Plaintiff's treating physicians, nurses, therapists, medical treatment providers, and other medical professionals regarding the injuries, medical treatment and the nature and extent of any disabilities which were allegedly caused by the accident which is the subject of the plaintiff's *Complaint*, including but not limited to:

   a. Representatives of Northwestern Medical Center, 133 Fairfield St., P.O. Box 1370, St. Albans, VT;

   b. Representatives of Northwestern Occupational Health,

   c. Representatives of Northwest Vermont Health Services;

   d. Representatives of Hendry Regional Rehabilitation Services, 121 Central Avenue, Clewiston, FL;

   e. Representatives of The Center for Bone & Joint Surgery, 10131 West Forest Hill Blvd., Suite 230, West Palm Beach, FL;

   f. Luis Gonzalez, III, M.D., c/o Northwestern Medical Center, 133 Fairfield St., P.O. Box 1370, St. Albans, VT;

   g. D. Dunsmore, P.T., Nicole Menard, Ben LeClaire, RN, F. H. Smith, RN, C. Williams, RN, Wendy Hope, R.N., Kristine Epright, R.N., Kristi McCrocken, Christina Allard, PT and Kristy McCrale, c/o Northwestern Medical Center;

  h. Robert N. Beattie, M.D., Doctors Office Common, 3 Crest Road, St. Albans, VT;

  i. Raymond A. Long, M.D., Doctors Office Common, 3 Crest Road, St. Albans, VT;

  j. Michael Mikolajczak, D.O., The Center for Bone & Joint Surgery, 10131 West Forest Hill Blvd., Suite 230, West Palm Beach, FL;

  k. Nimia Reyes, P.T., Hendry Regional Rehabilitation Services, 121 Central Avenue, Clewiston, FL; and

18. Plaintiff's treating physicians, nurses, therapists, medical treatment providers, and other medical professionals regarding any and all pre-existing conditions or injuries, including but not limited to:

  a. Representative of Northwestern Medical Center, 133 Fairfield St., P.O. Box 1370, St. Albans, VT;

  b. Robert N. Beattie, M.D., Doctors Office Common, 3 Crest Road, St. Albans, VT;

  c. Verne Backus, M.D., 260 Crest Road, Suite 101, St. Albans, VT;

  d. Gina Kesselring, PA-C, Jennifer Benoit, and Louise Long, RN, c/o Northwestern Medical Center;

19. Representative of United States Marine Corps;

20. Representative of the Railroad Retirement Board;

21. Representative of South Central Florida Express; and

22. Representative of RailAmerica.

NECR hereby adopts and incorporates herein by reference the list of witnesses which the plaintiff identified in his automatic disclosure, and reserves the right to supplement its list of witnesses from time to time as discovery proceeds.

B.  DOCUMENTS, DATA COMPILATIONS AND TANGIBLE THINGS RELEVANT TO DISPUTED FACTS AS ALLEGED IN THE PLEADINGS:

In accordance with Fed. R. Civ. P. 26(a)(1)(B), the NECR produces herewith the following documents, data compilations and tangible things that it may use to support its claims or defenses (note that the NECR is not required to identify or produce those documents, data compilations and tangible things it may use solely for impeachment):

1. The plaintiff's Personal Injury Report (Form PI 002), dated August 15, 2002, a copy of which is attached as Exhibit "A;"

2. Nathaniel Y. Cobb's Personal Injury Report (Form PI 002), dated August 15, 2002, a copy of which is attached as Exhibit "B;"

3. The plaintiff's August 21, 2002 statement, a copy of which is attached hereto as Exhibit "C;"

4. The plaintiff's July 31, 2003 statement, a copy of which is also attached with Exhibit "D;"

5. Railroad Employee Injury and/or Illness Record (Form PI 001), dated August 15, 2002, a copy of which is attached as Exhibit "E" (both handwritten and computer copies);

6. A diagram of the Italy Yard, a copy of which is attached as Exhibit "F;"

7. Photographs, copies of which are attached as Exhibit "G" and color copies of which are available upon request;

8. The plaintiff's Medical Release form, a copy of which is attached as Exhibit "H;"

9. Correspondence sent from NECR to the plaintiff, a copy of which is attached as Exhibit "I;"

10. Report of Inspection (Form PI 010), dated August 16, 2002, a copy of which is attached as Exhibit "J;"

11. Benefit enrollment documentation, a copy of which is attached as Exhibit "K;"

12. Documents pertaining to the plaintiff's receipt of cash advances, copies of which are attached as Exhibit "L;"

13. The Railroad Retirement Board's Request for Lien Information, copies of which are attached as Exhibit "M;"

14. The plaintiff's Workers Compensation Claim submission and supporting documentation and his Florida Workers Compensation Uniform Medical Treatment/Status Reporting Form, a copy of which is attached as Exhibit "N."

15. Medical records and bills, copies of which are attached as Exhibit "O;"

16. Pay information relating to the plaintiff's employment at NECR, a copy of which is attached as Exhibit "P;"

17. Documents pertaining to the hours worked by the plaintiff in 2002 and 2003, a copy of which is attached as Exhibit "Q;"

18. Acknowledgement forms signed by the plaintiff, a copy of which is attached as Exhibit "R;"

19. The plaintiff's application for employment and supporting documentation, copies of which are attached as Exhibit "S;"

20. The plaintiff's W-4 forms for 2001 and 2002, copies of which are attached as Exhibit "T;"

21. Payroll/Status Change forms, copies of which are attached as Exhibit "U;"

22. Safety Shoe Program Agreement forms, copies of which are attached as Exhibit "V;"

23 Guidelines for Transpec Trainees forms, signed by the plaintiff, copies of which are attached as Exhibit "W;"

24. The plaintiff's resignation e-mail, dated December 5, 2001, a copy of which is attached as Exhibit "X;" and

25. A supply list sheet signed by the plaintiff, a copy of which is attached as Exhibit "Y."

26. NECR emails, copies of which are attached as Exhibit "Z."

27. Memorandum from R. L. Ogden, a copy of which is attached as Exhibit "AA."

The NECR also describes the following documents, data compilations and tangible things which it may use but has not produced:

5

1. The railroad car from which the plaintiff fell at the time of his accident and/or a reasonable facsimile thereof, which the defendant will make available for inspection, if possible, at a time and place convenient to the NECR, upon the plaintiff's reasonable request;

2. Transcriptions of tape-recorded statements of several potential witnesses. The NECR objects to the production of these statements on the grounds that they are protected from discovery by the attorney-client privilege and/or as work-product prepared in anticipation of litigation.

3. The location of the plaintiff's accident – the accident scene is in the NECR's possession at St. Alban's, VT. The NECR will permit inspection of the accident scene at a convenient time upon the plaintiff's reasonable request.

The NECR reserves the right to use any of the documents, data compilations and tangible things identified and/or produced by the plaintiff and incorporates herein by this reference the documents, data compilations and tangible things set forth in the plaintiff's disclosures. The NECR also reserves the right to supplement its list of documents, data compilations and tangible things from time to time as discovery proceeds.

C. COMPUTATIONS OF DAMAGES:

Not applicable.

D.  **INSURANCE AGREEMENT**:

With respect to the plaintiff's accident, the NECR was insured under a policy which included a $500,000.00 self-insured retention.

Respectfully submitted,
The Defendant,
New England Central Railroad,
By its attorneys:

*Bethany M. Machacek*

Michael B. Flynn, BBO #559023
Bethany M. Machacek, BBO #657237
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.
DATED *Bethany M. Machacek*
Dec. 14, 2004

Dated: Dec. 14, 2004
G:\F & A\CASE FILES\RAILAMERICA\JONES, RICKEY A\pleadings\NECR Rule 26 Initial Disclosures.doc

7