COFFEY KAYE MYERS & OLLEY
BY:  Robert E. Myers, Esquire
Attorney I.D. No. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800

Attorneys For:  Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,               )
             Plaintiff     )
                      )
    v.                         )          Civil Action No. 04-11772-MAP
                      )
NEW ENGLAND CENTRAL            )
RAILROAD, INC.,                )
           Defendant     )

## PLAINTIFF'S POINTS FOR CHARGE

The Learned Trial Judge is respectfully requested to Charge the Jury on behalf of the Plaintiff as follows:

1

1.     Under the law and the evidence, your findings must be for the Plaintiff and against the Defendant, New England Central Railroad, Inc.


Accepted          _____

Denied            _____

Modified          _____

2.    You are instructed that the law governing the rights of Mr. Jones against his employer, New England Central Railroad, is set forth in "The Federal Employers' Liability Act," which is a statute enacted by the Congress of the United States.  Under this law, New England Central Railroad was obligated to use reasonable care to furnish its employees with a safe place to work.  This duty cannot be passed onto any other person, firm or corporation.  <u>Bailey v. Central Vermont Railway</u>, 319 U.S. 350, 63 S.Ct. 1062 (1943); <u>Ellis v. Union Pacific R.R. Co.</u>, 329 U.S. 649, 67 S.Ct. 598 (1947).


Accepted        _____

Denied          _____

Modified        _____

3.      This special act of Congress (The Federal Employers' Liability Act, 45 U.S.C.A. §§51-58) which applies to this case, states that a railroad is liable in damages to any person suffering injury while in the railroad's employment if the injury results in whole or in part from the negligence of any of the fellow employees or supervisors of the railroad.

Accepted        _____

Denied          _____

Modified        _____

4.      This means that if the negligence of a fellow employee or supervisor, such as the dispatcher, played any part, even the slightest, in producing the injuries to the Plaintiff, then Defendant New England Central is liable in damages for the injuries suffered by the Plaintiff. Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500.


Accepted        _____

Denied          _____

Modified        _____

5.     Since New England Central Railroad is a corporation and an employer, it is liable for the negligence and omission of its employees that they performed or failed to perform while acting within the course of New England Central Railroad's business.


Accepted          _____

Denied            _____

Modified          _____

6.      The Plaintiff is entitled to recover from Defendant if he convinces you that the negligence of Defendant played any part, even the slightest, in causing him to suffer injuries.

Accepted        _____

Denied          _____

Modified        _____

7.    If you find under all the circumstances of this case that New England Central through its agents, servants, and/or employees, failed to use reasonable care to supply Mr. Jones with a safe place to work and that Mr. Jones' injuries on August 15, 2002 were caused in whole or in part by such failure, then you must find for the Plaintiff and against the Defendant, New England Central.

Accepted        _____

Denied          _____

Modified        _____

8.    You are instructed that if the negligence of the Defendant through its agents, servants and/or employees played any part, however small, in causing the Plaintiff's injuries, then you must find for the Plaintiff and against the Defendant, New England Central.  Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 508; 77 S.Ct. 443, 449.


Accepted        _____

Denied          _____

Modified        _____

9.    You are instructed that the Defendant, New England Central, through its agents, servants, and/or employees is liable to the Plaintiff for damages if the Defendant's negligence played any part, even the slightest, in producing the injuries for which damages are sought.  In other words, the Defendant must pay damages to the Plaintiff if the Defendant's negligence played any part, however small, in causing the injuries that are the subject of this lawsuit.  Rogers v. Missouri Pacific Railroad Co., 352 U.S. 508, 77 S.Ct. 443, 449; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610.


Accepted        _____

Denied          _____

Modified        _____

10

10.    This duty to provide a safe place to work is an affirmative one.  This means that the Defendant, New England Central, through its agents, servants and/or employees has the affirmative and continuous obligation to inspect the place where it required Mr. Jones to work, including the positioning and movement of rail equipment and trains within its Yard, all walking surfaces, all means of ingress and egress from the work site, and the failure to make such reasonable inspections to discover any conditions which resulted, in whole or in part, in Mr. Jones' injuries may be found by you to be negligence.  If you find further that this negligence resulted, in whole or in part, in Mr. Jones' injuries, then your verdict must be for the Plaintiff and against the Defendant, New England Central.   Williams v. Atlantic Coast Line R. Co. 190 F.2d 744 (5th Cir. 1951).  Lillie v. Thompson, 332 U.S. 459, 92 L. Ed. 73, 68 S. CT. 140 (1947).

Accepted         _____

Denied           _____

Modified         _____

11

11.    If you find that Defendant, New England Central, through its agents, servants, and/or employees, failed to reasonably inspect Plaintiff's work site on or before August 15, 2002 and failed to determine that the Car in question was covered with slippery substances, as well as the walking surfaces and means of ingress and egress were covered with wet and slippery substances and that the Defendant's failure to determine this contributed in whole or in part in Mr. Jones's injuries, then your verdict must be for the Plaintiff and against the Defendant, New England Central.


Accepted        _____

Denied          _____

Modified        _____

12.     With regard to any of the actions of the Defendant, or its employees, which contributed to the occurrence of the accident that resulted in Mr. Jones' injuries, you need not find that negligence was the sole cause of the injuries in order to find the Defendant responsible.  You need only find that negligence contributed in whole or in part to the occurrence of those injuries. Rogers v. Missouri R.R. Co., 77 S.Ct. 443; 352 U.S. 500.

Accepted          _____

Denied            _____

Modified          _____

13

13.    "The Federal Employers' Liability Act" requires the employer, through its agents, servants, and/or employees to give warnings to its employees of particular dangers and hazards known or they should have known to exist.  If you find that the railroad, through its agents, servants, and/or employees, failed to warn the plaintiff of the dangers, then you may find that the railroad is liable to the plaintiff for the damage that he/she sustained.  Bassett v. New York, Chicago and St. Louis R.R. Co., 235 F.2d 900.


Accepted      _____

Denied        _____

Modified      _____

14.    If you find that on August 15, 2002, New England Central, through its agents, servants, and/or employees, failed to warn the plaintiff that a CSXT train was traveling on the same track where he had been told to stop, and was in a collision course with his train, then you may find that the railroad is liable to the plaintiff for the damages he sustained. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 508, 77 S.Ct. 443-449 (1957); Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326 (1958); Shenker v. Baltimore and Ohio Railroad Co., 374 U.S. 1 (1963); Empey v. Grand Trunk Western Railroad Co., 309 F.2d 546 (6th Cir. 1962), cert denied, 374 U.S. 827, 83 S.Ct. (1965), 10 L.Ed. 2d 1051 (1963); Schiller v. Penn Central Transportation, Co., 509 F.2d 263 (6th Cir. 1975); Carter v. Union Railroad Co., 438 F.2d 208 (3d Cir. 1971).


Accepted         _____

Denied           _____

Modified         _____

15.     The FELA requires the employer through its agents, servants, and/or employees to discover dangerous conditions, defects, and/or other dangers at plaintiff's work place and to eliminate them in order to provide plaintiff with a safe place to work.

Accepted          _____

Denied            _____

Modified          _____

16.    If you find that the railroad, through its agents, servants, employees and/or statutory agents, either failed to discover and/or permitted to exist dangerous conditions and/or dangers at plaintiff's work place, such as the fact that the CSXT train had been told to travel on the same track where plaintiff had been told to stop his train, and further that the CSXT train had been sent in a collision course with plaintiff's train, and if you further find that these dangerous conditions at plaintiff's work place caused Mr. Jones' injuries in whole or in part, then you must find in favor of the plaintiff and against the New England Central. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 508, 77 S.Ct. 443-449 (1957); Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326 (1958); Shenker v. Baltimore and Ohio Railroad Co., 374 U.S. 1 (1963); Empey v. Grand Trunk Western Railroad Co., 869 F.2d 293 (6th Cir. 1989); Payne v. Baltimore and Ohio Railroad Co., 309 F.2d 546 (6th Cir. 1962), cert denied, 374 U.S. 827, 83 S.Ct. (1965), 10 L.Ed. 2d 1051 (1963); Schiller v. Penn Central Transportation Co., 509 F.2d 263 (6th Cir. 1975); Carter v. Union Railroad Co., 438 F.2d 208 (3rd Cir. 1971).


Accepted         _____

Denied           _____

Modified         _____

17.    If you find under all the circumstances of this case that New England Central failed to use reasonable care to supply Mr. Jones with a safe place to work and that Mr. Jones's injuries of August 15, 2002 were caused in whole or in part by such failure, then you must find for the plaintiff and against the New England Central.  Rogers v. Missouri Pacific Railroad Co., 352 U.S. 508, 77 S.Ct. 443-449 (1957); Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326 (1958); Shenker v. Baltimore and Ohio Railroad Co., 374 U.S. 1 (1963); Empey v. Grand Trunk Western Railroad Co., 869 F.2d 293 (6th Cir. 1989); Payne v. Baltimore and Ohio Railroad Co., 309 F.2d 546 (6th Cir. 1962); cert denied, 374 U.S. 827, 83 S.Ct. (1965), 10 L.Ed. 2d 1051 (1963); Schiller v. Penn Central Transportation Co., 509 F.2d 263 (6th Cir. 1975); Carter v. Union Railroad Co., 438 F.2d 208 (3d Cir. 1971).


Accepted        _____

Denied          _____

Modified        _____

18.    As Mr. Jones's employer, it was the continuing duty of New England Central to use ordinary care under the circumstances to furnish Mr. Jones with a reasonable safe place in which to work; to provide Mr. Jones with safe and suitable equipment for the assigned work; to promulgate clear and unambiguous safety rules for the safe performance of the assigned work; to provide a safe method for the performance of the assigned work; and to provide adequate guidance, assistance and training. Aparicio v. Norfolk & Western Railway Company, 874 F.Supp. 154 (N.D. Ohio 1994).


Accepted         _____

Denied           _____

Modified         _____

19.    As Mr. Jones's employer, the railroad had a continuing, non-delegable obligation to provide reasonably sufficient and competent personnel to perform particular tasks that it assigns to the railroad employees, such as the Dispatcher.


Accepted        _____

Denied          _____

Modified        _____

20.    If you should find that New England Central failed to provide sufficient and competent personnel, such as the Dispatcher who instructed the CSXT train to proceed on the track where Plaintiff's train was stopped, and that this was a cause of the collision, then you must find in favor of the plaintiff and against the railroad.  Blair v. Baltimore & Ohio R. Co., 323 U.S. 600, 89 L.Ed. 490, 65 S.Ct. 545 (1945); Southern Railway Co. v. Welch, 247 F.2d 340 (6th Cir. 1957).  See also, Davis v. Virginian Railroad Co., 361 U.S. 354, 4 L.Ed. 2d 366, 80 S.Ct. 387 (1960)


Accepted        _____

Denied          _____

Modified        _____

21.    Every common carrier by railroad while engaging in commerce between any of the several States *** shall be liable in damages to any person suffering injury while he/she is employed by such carrier in such commerce *** for such injury *** resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, tracks, roadbeds, works, boats, wharves or other equipment.  "The Federal Employers' Liability Act,"  45 U.S.C. §51.

Accepted        _____

Denied          _____

Modified        _____

22.     I charge you as a matter of law that you must find New England Central negligent and responsible for the accident in this case.

Accepted        _____

Denied          _____

Modified        _____

23.    I charge you as a matter of law that you may not find Mr. Jones to have been contributorily negligent in regard to the occurrence of this accident.  I further charge you that you may not cut down or reduce Mr. Jones's recovery.


Accepted        _____

Denied          _____

Modified        _____

24.    In any action brought against any common carrier *** to recover damages for injuries to, *** any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury *** resulted in whole or in part from the negligence of any of the officers, agents, or employees of statutory agents of such carrier.   The Federal Employers' Liability Act, 45 U.S.C. §54, Rogers v. Missouri Pacific Railroad Co., 35d U.S. 508, 77 S.Ct. 443-449 (1957); Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326 (1058); Shenkler v. Baltimore and Ohio Railroad Co., 374 U.S. 1 (1963); Empey v. Grand Trunk Western Railroad Co. 869 F2d. 293 6th Cir. (1989); Payne v. Baltimore and Ohio Railroad, 309 F.2d 546 (6th Cir., 1962), cert denied, 374 U.S. 827, 83 S.Ct. 1965, 10 L.Ed. 2d 1051 (1963); Schiller v. Penn Central Transportation Co. 509 F.2d 263 (6th Cir., 1975); Carter v. Union Railroad Co., 438 F.2d 208 (3rd Cir., 1971).


Accepted          _____

Denied            _____

Modified          _____

25.    You may not cut down the plaintiff's recovery in any way in the belief that his injuries resulted from the fact that he voluntarily assumed the risk of working in a dangerous area or on dangerous equipment.  In the law, such a conscious awareness of danger is called "assumption of risk".  The Supreme Court of the United States has ruled that the defense of assumption of risk is not available to the railroad in suits brought by railroad employees under "The Federal Employers' Liability Act".  Tiller v. Atlantic Coast Line R. Co., supra; Blair v. Baltimore and Ohio R. Co., 323 U.S. 600, 65 S. Ct. 545 (1945).


Accepted        _____

Denied          _____

Modified        _____

## CAUSATION AND/OR AGGRAVATION OF PRIOR EXISTING INJURIES

26.    There has been testimony in this case that the effect of Mr. Jones's injuries may be more serious or more disabling because of other conditions in his body.  The railroad would be responsible for all of the physical harm it caused, regardless of Mr. Jones's condition and makeup at the time of his injury.  This includes conditions which were not bothering plaintiff at the time of the accident, but which were aggravated or made active by the accident.  Since the New England Central takes the plaintiff as it finds him and is responsible for all the consequences of its acts, the railroad would be liable for all harm caused by its violation of the "Federal Employers Liability Act," though that harm might have been increased by a known or an unknown physical condition which could not have been discovered or anticipated prior to the wrongdoing.  Restatement of Torts 2d, §461.

Accepted       _____

Denied         _____

Modified       _____

27

27.    The negligent actor is subject to liability for harm to another although a physical condition of the other which is neither known now or should have be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his condition.  Restatement of Torts 461; Evans v. S. J. Groves & Sons Company, 315 F.2d 335 (2d Cir. 1963).

Accepted        _____

Denied          _____

Modified        _____

28.    New England Central takes a victim as it finds him and is liable for the full extent of the damages that he has inflicted on the plaintiff.  This means that New England Central may not limit its liability to Mr. Jones by arguing that Mr. Jones was particularly susceptible to an injury. Tabor v. Miller, 389 F.2d 645 (3d Cir. 1968), cert denied, 391 U.S. 915.

Accepted        _____

Denied          _____

Modified        _____

29.    If you find that New England Central's conduct resulted in an aggravation of a pre-existing condition, then New England Central is fully liable for the full extent of the damage inflicted on the plaintiff despite the existence of a preexisting condition.  <u>Tabor v. Miller,</u> 389 F.2d 645 (3d Cir. 1968), <u>cert</u> <u>denied,</u> 391 U.S. 915.

Accepted        _____

Denied          _____

Modified        _____

30.     If you find by a preponderance of the evidence that Mr. Jones was more inclined or more susceptible to an injury than a normal healthy person, I charge you that New England Central would nonetheless still be liable for his present injuries since a negligent person must bear the risk that his liability will be increased by reason of the actual physical condition of the person whom he has injured.  Restatement of Torts 461; Evans v. S. J. Groves & Sons Company, 315 F.2d 335 (2d Cir. 1963)

Accepted        _____

Denied          _____

Modified        _____

31.     New England Central must take the plaintiff as it finds him and therefore, if you find by reason of some pre-existing condition that the plaintiff was more susceptible to injury, you may not thereby exonerate the New England Central from liability.   Nelson v. Black, 266 F.2d 817 (1954).   The New England Central is liable for all damages resulting from the aggravation or acceleration of the plaintiff's preexisting condition if you find that the New England Central's negligence or breech of duty played some part, even the slightest, in producing the injury which caused the plaintiff to become disabled.  Milos v. Sea-Land Services, Inc., 478 F.Supp 1014 (SDNY 1979) at 1023.


Accepted        _____

Denied          _____

Modified        _____

32.     Therefore, the plaintiff can recover for the aggravation of his injuries if the inaction or negligence of the New England Central, directly or indirectly, contributed thereto.  <u>Heater v. Chesapeake & Ohio Railway Co.</u>, 497 F.2d 1243, 1246 (7th Cir. 1974)

Accepted        _____

Denied          _____

Modified        _____

## COLLATERAL SOURCE RULE

33.     You are instructed that there is a Rule of Law called the "Collateral Source Rule." This Rule applies in a situation where the plaintiff receives certain payments where those payments are not from New England Central.  In other words, the fact that the plaintiff may have received some payment or benefit from a source, other than New England Central, is not relevant and should not be considered by you, the members of the jury.  New England Central cannot take credit for or benefit from any such payment.  Haughton v. Blackships, Inc., 462 F.2d 788 (5th Cir. 1962); Hall v. Minnesota Transfer Ry. Co., 462 F.2d 788 (5th Cir. 1972); Hall v. Minnesota Transfer Ry. Co. 322 F.Supp. 92 (D. Minn. 1971).


Accepted          _____

Denied            _____

Modified          _____

34

## DAMAGES

34.    Your verdict for the plaintiff should be returned in a lump sum and should include the following:

a)    Damages for the past, existing and further pain and suffering and mental anguish that Mr. Jones has endured in the past and will endure in the future as a result of the injuries which he suffered in this accident.  They include the pain and anguish which he has sustained and will sustain because of the injury to his body and his head, neck, shoulders, arms and back; the pain and distress which he has suffered because of his diagnostic tests and treatments; the pain and embarrassment which he suffers because of his treatments and diagnostic tests performed on his body and the resulting loss of motion of his neck, shoulders, arms back and spine.  This includes not only physical pain, but also mental pain and anguish that Mr. Jones suffers because of his injuries, as well as his inability to pursue occupations for which he was qualified prior to being injured.

b)    In fixing the pecuniary value of plaintiff's suffering, you must take into account not only the pain and suffering and mental anguish which Mr. Jones has experienced in the past, but also that which you can reasonably anticipate he will undergo in the future.

c)    Mr. Jones will be entitled to recover a sum which will compensate him for any medical expenses which he may reasonably expect to incur in the future in the course of treating these injuries.

d)    Mr. Jones will also be entitled to recover a sum representing past and future loss of wages resulting from the accident.  This will include his actual loss of wages from the time of the accident down to the time of this trial.  This figure must be reduced to present worth or value.

e)    In addition, Mr. Jones is entitled to recover a sum representing the loss of

of the injuries which he sustained in this accident. This figure must be reduced to its present worth or value.

Such damages as you determine are to be awarded for each of the foregoing items and are to be added together and returned in one lump figure.

Accepted          _____

Denied          _____

Modified          _____

Plaintiff respectfully reserves the right to supplement these Points for Charge prior to trial in this matter.

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

BY:    _____/s/  Robert E. Myers, Esquire____
ROBERT E. MYERS
Counsel for Plaintiff
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800

36