COFFEY KAYE MYERS & OLLEY
BY: Robert E. Myers, Esquire
Attorney I.D. 23762
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800                                          Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICKEY A. JONES,            )
            Plaintiff       )
                            )
    v.                      )   Civil Action No. 04-11772-MAP
                            )
NEW ENGLAND CENTRAL         )
RAILROAD, INC.,             )
            Defendant       )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S PROPOSED POINTS FOR CHARGE/JURY INSTRUCTIONS**

Plaintiff respectfully submits the following case law, which presents further support for Plaintiff's Proposed Points for Charge:

Cause of action under the FELA stated by complaint which alleges the plaintiff railroad employee was injured while in the performance of his duties when he stepped on large clinkers lying alongside track and that defendant well knowing that this was dangerous to workers had negligently permitted to collect clinkers alongside tracks. Brown v. Western Railroad of Alabama, 338 U.S. 294, 94 L.Ed. 100, 70 S.Ct. 105 (1949).

In action for injuries sustained by plaintiff during switching operation, court does not err in admitting testimony of four other employees that they slipped and fell in same

railroad yard and near point where plaintiff's accident occurred, although defendant contends that testimony of these employees is incompetent in that conditions have not been shown to be same at time they fell as they were at time of plaintiff's accident; admission of testimony that witness saw oil between rails of lead tracks two or three weeks before accident is admissible in support of plaintiff's theory that oil accumulates on lead track, even though it later develops that particular oil was cleaned up before accident. Henwood v. Chaney, 156 F.2d 392, (8th Cir. 1946) cert. den. 329 U.S. 760, 91 L.Ed. 655, 67 S.Ct. 113.

Evidence supports jury finding that railroad's negligence was cause of injury to brakeman who slipped on unnoticed and partially covered cinder "about the size of his fist" embedded in level but soft roadbed alongside track connecting with house switch. Webb v. Illinois C.R. Co., 352 U.S. 512, 1 L.Ed. 2d 503, 77 S.Ct. 451 (1957) reh. den. 353 U.S. 943, 1 L.Ed. 2d 764, 77 S.Ct. 809.

Where evidence shows that flangeway space between rails and planking at grade crossing was partly filled with dirt and that defendant could by exercise of reasonable care have had knowledge thereof, even if derailment of railroad motorcar on which plaintiff was riding was caused by rocks recently lodged in such space, of which plaintiff had no knowledge, defendant is not relieved of liability, since it was commonly known that rocks and gravel from public highway were moved into flangeway space by highway traffic. Waddell v. Chicago & E.I.R. Co., 142 F.2d 309 (7th Cir. 1944) cert. den. 323 U.S. 732, 89 L.Ed 587, 65 S.Ct. 69.

Railroad has duty to furnish sufficient instruments, sand, gravel, salt, etc., to decrease the danger from ice and snow if that can be reasonably done. Chicago &

Northwest Railway Co. v. Rieger, 326 F.2d 329 (C.A. Minn. 1964) cert. den. 84 S.Ct. 1182, 377 U.S. 917 12 L.Ed 2d 186. The fact that only few employees would use railroad's steps, once or twice within 16-hour period would not absolve railroad of duty to those few as matter of law to provide deicing or anti-slipping material. Kimbler v. Pittsburgh & L.E.R. Co., 331 F.2d 383 (3rd Cir. 1964). See also Raudenbush v. Baltimore & Ohio Railroad Co., 160 F.2d 363 (3rd Cir. 1947).

Grain elevator owner who permitted accumulation of grain and water to exist for an unreasonable time on elevator floor in which owner's employee was injured when he slipped and fell on such accumulation was guilty of negligence. Henderson v. Reading Company, 150 F.Supp. 437 (D.C. of Penna. 1957)

                Respectfully submitted,

                COFFEY KAYE MYERS & OLLEY


                By: /s/ Robert E. Myers, Esquire
                    ROBERT E. MYERS
                    Counsel for Plaintiff