UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>          Plaintiff,<br><br>v.<br><br>NEW ENGLAND CENTRAL RAILROAD, INC.,<br>          Defendant. | C.A. No.: 04-11772-MAP |

**PLAINTIFF'S REPLY IN OPPOSITION TO**
**NECR'S MOTION IN LIMINE RE:**
**PHOTOGRAPHS**

NECR has argued that photographs taken by the Plaintiff should be excluded. This argument is misplaced and therefore its motion should be denied.

Plaintiff's accident occurred as a result of several factors. One of the most important factors was the presence of oil, grease and slurry (wet limestone) on the tank car pole (used as a handhold), stirrup, and the ground. The presence of these substances on the ground is extremely significant because they got onto the soles of employees' feet and caused their shoes to be slippery. They got on Mr. Jones' shoes. Mr. Jones explained that slurry is all over the yard and gets all over the trains and cars. Furthermore, there are puddles of old burnt motor oil that the railroad uses to lubricate rather than using graphite. The engines also spit out oil as they operate and drip axle or bearing grease. In addition, rotten grain is everywhere. The grain is one of the worst slippery substances because it is difficult to get off an employee's shoes. These factors combined to cause Mr. Jones to slip off the tank car stirrup while dismounting. (Jones Dep. at 139, 150-151, 167, 176-179, 181-182, 185, 273, 275-276)

Plaintiff took photographs of the yard in question. His accident was in August 2002 and they were taken in September or October 2002. (Jones Dep. at 278) They depict grain, oil, grease and other slippery substances on the ground. (Id. at 279-287)

Although NECR did reconstruct the yard after Plaintiff's accident, that does not render these photographs any less relevant. F.R.Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The photographs taken by Mr. Jones depict the substances about which he will testify. They will enable the jury to see, rather than speculate about, the substances about which they will hear. It will help them to fully understand the testimony. In is also relevant that the same substances that were on the ground in August 2002 were still on the ground in September or October 2002. The presence of the slippery substances is a fact of consequence to the determination of this case. It one of the major reasons Mr. Jones' work place was not safe as required by the FELA. The presence of these substances only one or two months after Mr. Jones' accident makes it more probable that, as he will testify, they were also present at and before his accident. Therefore, these photographs meet the Rule 401 standard and should be admitted.

The fact that certain conditions of the rail yard had been changed after Mr. Jones' accident, and those changes are depicted in the photographs, do not render them inadmissible. The presence of the dangerous substances, even after major work was performed at the yard, is relevant. This Court can give the jury limiting instructions to cure any prejudice that NECR asserts that it may suffer. The Court can explain to the

jury (or instruct Plaintiff to do so) the fact that the yard is not the same as on August 15, 2002 because construction had been performed. The specific changes can be articulated. The Court can even go further and instruct that the photographs are for the limited purpose of enabling the jurors to see and better understand the nature of the substances about which Mr. Jones has or will testify.

Because the photographs are relevant, and any of NECR's concerns can be adequately addressed with instructions from the Court, its Motion to preclude the photographs should be denied.

Respectfully submitted,

COFFEY KAYE MYERS & OLLEY


____s / Lawrence A Katz, Esquire____
LAWRENCE A KATZ
ROBERT E MYERS
Counsel for Plaintiff

COFFEY KAYE MYERS & OLLEY
718 Two Bala Plaza
Bala Cynwyd, PA  19004
610-668-9800
610-667-3352 (Fax)