UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICKEY A. JONES,<br>        Plaintiff,<br><br>v.<br><br>NEW ENGLAND CENTRAL RAILROAD,<br>INC.,<br>        Defendant. | C.A. No.: 04-11772-MAP |

## PLAINTIFF'S REPLY IN PARTIAL OPPOSITION TO NECR'S MOTION IN LIMINE TO ADMIT APPORTIONMENT EVIDENCE

Plaintiff concedes that he did suffer a right knee injury while training as a United States Marine. However, that injury did not prevent him from performing his railroad duties until his August 2002 accident. Plaintiff also concedes that NECR may introduce expert medical evidence[1] to show that Plaintiff's current injuries are solely from his pre-accident condition and that the accident neither caused nor aggravated his previous injury. However, Plaintiff suggests that NECR has overstated the law on damages apportionment and therefore it seeks a jury instruction beyond that permissible under the FELA.

Under the FELA, a railroad-employer takes its employee as it finds him. The "egg shell" victim rule applies to FELA cases. A railroad is liable for the aggravation or exacerbation of an employee's prior condition. Significantly, "in light of FELA's broad remedial purposes, is that if the factfinder cannot separate injuries caused or exacerbated

---

[1] This concession assumes that NECR has complied with all discovery and expert disclosure obligations with respect to its medical experts.

by the accident from those resulting from a pre-existing condition, the defendant is liable for all such injuries." *Stevens v. Bangor and Aroostook R. Co.*, 97 F.3d 594, 601-603 (1st Cir. 1996).

The Court is respectfully requested to limit its jury instructions to these principles articulated by the *Stevens* court. In *Stevens,* the Court of Appeals specifically approved of the following jury instruction on this subject:

> "There is evidence in this case that plaintiff had a pre-existing injury or condition which existed prior to February 19, 1994. The railroad is only liable for damages you find to be caused by the occurrence of February 19, 1994. If you find that plaintiff's pre-existing condition made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.
>
> If you find that defendant negligently caused further injury or aggravation to plaintiff's pre-existing condition, plaintiff is entitled to compensation for all of plaintiff's damages caused by the incident, including that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by the occurrence of February 19, 1994, then the defendant is liable for all of plaintiff's injuries." *Stevens* at 97 F.3d 601.

Another form of this instruction is found in *Federal Jury Practice And Instructions – Civil*, by O'Malley, Grenig and Lee. Interestingly, this proposed instruction is taken directly from the decision in *Sauer v. Burlington Northern R.R.*, 106 F.3d 1490, 1494 (10th Cir. 1997). NECR has cited this case in support of its Motion. (Motion at page 3). This alternate instruction reads:

> "If you find for plaintiff _____, you should compensate plaintiff _____ for any aggravation of an existing disease or physical defect resulting from such injury.

> If you find that there was an aggravation you should determine, if you can, what portion of plaintiff _____'s condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition."

Plaintiff specifically agrees with the above instructions sanctioned by the United States Court of Appeals for the First Circuit and the learned treatise, *Federal Jury Practice And Instructions – Civil.* Plaintiff urges this Court to use these instructions as a guideline for permitting evidence into this case.

Therefore, Plaintiff respectfully requests that this Honorable Court deny NECR's Motion to the extent that it seeks to present evidence beyond the scope of the two jury instructions set forth above and the legal principles embodied in them.

        Respectfully submitted,

        COFFEY KAYE MYERS & OLLEY


        ____s / Lawrence A Katz, Esquire____
           LAWRENCE A KATZ
           ROBERT E MYERS
           Counsel for Plaintiff

COFFEY KAYE MYERS & OLLEY
718 Two Bala Plaza
Bala Cynwyd, PA  19004
610-668-9800
610-667-3352 (Fax)